Hoskinson v. Adkins.

---

HOSKINSON et al., Appellants, v. ADKINS.

| | |
|---|---|
| 77 | 537 |
| 100 | 592 |
| 38a | 660 |
| 77 | 537 |
| 103 | 543 |
| 77 | 537 |
| 46a | 403 |
| 77 | 537 |
| 109 | 269 |
| 77 | 537 |
| 118 | 594 |
| 77 | 537 |
| 125 | 655 |
| 77 | 537 |
| 163 | 232 |
| 77 | 537 |
| 171 | ¹400 |

1. **Evidence**: COPIES. A copy is not admissible in evidence, unless the absence of the original be accounted for.

2. ———. A recorder's certificate is not sufficient proof of a copy, where the original was improperly admitted to record.

3. **A Conveyance of the Wife's Land**, executed and delivered by the husband and wife, will not pass her title, nor the husband's marital interest, unless it be acknowledged, and the acknowledgment be certified, in the manner prescribed by statute

4. **A Judgment against a Married Woman**, in a suit against her and her husband to foreclose a mortgage executed by them upon the land, which establishes no personal liability against her, but only charges the land with the debt, is not a judgment against her within the meaning and scope of the authorities which declare judgments in actions at law against married women to be void. *Fithian v. Monks*, 43 Mo. 502, and other cases distinguished.

5. **Immaterial Errors.** Errors not materially affecting the merits of an action, furnish no ground for reversing the judgment.

*Appeal from Putnam Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*A. W. Mullins* for appellants.

*Smith & Krauthoff* with *H. D. Marshall* and *Barnett & Christy* for respondents.

The judgment of foreclosure established the validity of the mortgage sued on, and to that extent was binding upon the defendants. *Butterfield's Appeal*, 78 Pa. St. 197; *Lee v. Kingsbury*, 13 Texas 70; *Clark v. Boyreau*, 14 Cal. 634.

HENRY, J.—This is an action of ejectment instituted in the circuit court of Putnam county, to recover possession of the west half of southeast quarter and the east half of southwest quarter of section 34, township 65, range 19.

Wm. Adkins filed an answer denying all the allegations of the petition, except that of his possession of the land, and Kendall filed a separate answer, containing a general denial and a special defense consisting of the following facts: That Sarah and Van Manchester, under whom both parties claim title, on the 6th day of May, 1867, executed a mortgage by which they conveyed the land to Kendall Adkins as security for $637.37, borrowed by said Van Manchester of him, and that in August, 1873, he instituted a suit against them to foreclose the mortgage, and in September, 1874, obtained a judgment thereon against Van Manchester for $1,111.88, under which the land was sold, and the defendant, Kendall Adkins, on the 22nd day of February, 1875, became the purchaser, and in March following received a deed from the sheriff, conveying to him the land; that plaintiffs claim title by purchase from the Manchesters subsequent to the execution of the mort-

gage, with notice of its existence, and that William Adkins was in possession under the defendant Kendall, and that Manchester was then, and still is, insolvent. The answer further alleges that defendant Kendall had made improvements upon the land amounting in value to $225, and had paid taxes on the land aggregating $130. All of these allegations were denied by the replication filed, except that Van Manchester and Sarah were husband and wife, and that defendant had paid taxes.

There was a judgment for defendants, from which this appeal is prosecuted.

It was admitted that the Manchesters owned the land prior to the conveyance to plaintiffs and defendants; and plaintiffs read in evidence a deed to them from Manchester and wife, dated March 26th, 1877, conveying the land in controversy, and rested.

The defendant, over the plaintiffs' objections, read a copy of his mortgage certified to be a correct copy of the record by the recorder of deeds of Putnam county. Plaintiffs' objections were that it was not properly acknowledged and that it was only a copy. The acknowledgment was taken by a justice of the peace of Davis county, in the state of Iowa, who testified that he took the acknowledgment, and that the mortgage was executed by Manchester and wife.

Conceding that the testimony of the justice of the peace was sufficient to prove the execution of the instru-

1. EVIDENCE: copies ment, yet, without accounting for the absence of the original, the copy was not admissible.

The recorder's certificate was not sufficient to prove it a copy of the original. It was improperly admitted to

2. ——. record, and, to his certificate, in such a case, the law attaches no more importance than to that of any other person who may have transcribed it at the request of the parties holding and claiming under it. The testimony of the justice, however, was probably sufficient to prove it a true copy and to warrant its admission if proof

of the loss or destruction of the original had been made.

Under our statute a husband and wife may convey the wife's land by their joint deed, (§ 669, R. S. 1879,) but it **3. A CONVEYANCE** must be acknowledged and the acknowledg-**OF THE WIFE'S LAND.** ment certified in the manner prescribed in section 676, which relates to the officers authorized to take the acknowledgment, and section 680, which prescribes how it shall be taken, and section 681, which declares what the certificate shall contain.   The deed was not acknowledged before an officer authorized to take it, and the certificate does not contain what the statute requires.   A married woman's title does not pass by the execution and delivery of the deed, but the acknowledgment is as essential as her signature and the delivery of the deed to give it effect.   As the acknowledgment was defective the wife's title did not pass, nor did it convey the legal title to the husband's marital interest.   2 Wag. Stat., 938, § 14; *Bartlett v. O'Donoghue,* 72 Mo. 563 ; *Goff v. Roberts,* 72 Mo. 570.

But defendants introduced in evidence the record and proceeding in the suit instituted by Kendall Adkins against Manchester and wife, in the circuit court of Putnam county, to foreclose the mortgage.   The Manchesters were not residents of this State.   They were notified by publication in pursuance of the statute, and, failing to appear, judgment was rendered against them by default, and the only alleged invalidity of the proceedings in that cause, is that the judgment rendered was against both Manchester and wife, and the appellants contend that this was such an error as rendered the judgment void as to both husband and wife.   No doubt the authorities cited fully sustain the legal proposition.   *Higgins v. Peltzer,* 49 Mo. 152 ; *Wernecke v. Wood,* 58 Mo. 352 ; *Fithian v. Monks,* 43 Mo. 502 ; *Smith v. Rollins,* 25 Mo. 408 ; *Pomeroy v. Betts,* 31 Mo. 419.

But the judgment in this case was not a judgment against the wife.   The court adjudged " That the plaintiff **4. A JUDGMENT** do have and recover against defendants the **AGAINST A MARRIED WOMAN.** said sum of $1,111.88 for his debt and dam-

ages, together with his costs, to be a lien upon and to be
levied of the mortgaged property hereinbefore described.
And it is further considered by the court, that the equity
of redemption of the said defendants of and in and to the
following described mortgaged property    *    *    be
and the same is hereby forever foreclosed," etc.   Section
3305, Revised Statutes, (§ 8, Wag. Stat., p. 955,) provides
that, "When the mortgageor is not summoned, but notified
by publication, and has not appeared, the judgment, if for
plaintiff, shall be that he recover the debt and damages,
or damages found to be due, and costs to be levied of the
mortgaged property, describing it as in the mortgage."
There was no judgment in this case, either against the
husband or wife, that could be enforced by execution
against any property of either except that mortgaged.
While in terms it was adjudged that plaintiff recover
against both, the amount of the mortgage debt and inter-
est and costs, yet, in substance it but ascertains the amount
of the debt and the interest, and subjects the mortgaged
property alone to its payment.   It establishes no personal
liability against the wife for the debt, but only charges the
property of which she had joined with her husband in a
mortgage.   In the cases cited by appellants' counsel, the
judgments went further, not only charging the land of the
wife, but as in *Fithian v. Monks*, averring that, if the real
estate mortgaged proved insufficient to satisfy the debt,
etc., the residue should be levied of other goods and chat-
tels, etc., of the husband and wife.

Nothing appears in the record to warrant us in de-
claring the judgment void.   The court may have erred in
the foreclosure suit in holding that the mort-
gage was duly executed and acknowledged,
but an error in that respect could have been reviewed only
on appeal or writ of error.   While the circuit court erred
in admitting the copy of the mortgage in evidence, and in
refusing declarations of law on that subject asked by
plaintiff, yet as the judgment in the case of Adkins against

5. IMMATERIAL ER-
RORS.

Manchester and wife, and the purchase by Adkins at the sheriff's sale under that judgment, and the sheriff's deed to him, constitute a complete defense to the action, the errors committed in the court in the admission of the copy of the deed, and the refusal of instructions on that branch of the case, did not " materially affect the merits of the action," and furnish no ground for reversing the judgment, which is, therefore, affirmed.   All concur.