HOLTON et al. v. TOWNER et al., *Plaintiffs in Error.*

1. **Judgment against a Married Woman and Others sui juris:** NOT VOID AS TO LATTER. A judgment rendered jointly against a married woman and others who are *sui juris* is not, as to the latter, void and collaterally assailable, although as to the married woman, it is a nullity, and although it is, also, an entirety for the purposes of review on appeal or writ of error, and would be reversed as to all the defendants, if thus directly assailed.

2. **Infant:** APPEARANCE BY ATTORNEY. A judgment will not be reversed because an infant appeared to the action by an attorney, where the judgment is in his favor. R. S. § 3582.

*Appeal from Linn Circuit Court.* — HON. S. P. HUSTON, Special Judge.

REVERSED.

*A. W. Mullins* for plaintiffs in error.

The court erred in admitting in evidence the deed of John S. G. Burt from William W. Gitt; said deed was not the act and deed of Joseph Jay by Gitt, as attorney in fact, but it is the deed of Gitt. Story on Agency, (5 Ed.) 148, and note; *Endsley v. Strock,* 50 Mo. 508; *Bobb v. Barnum,* 59 Mo. 394. The application for and appointment of Frank L. Binford next friend to Thomas J. Holton during the progress of the trial, were irregular and unauthorized by law. The sheriff's deed to defendant Towner, and the judgment offered in connection therewith, should have been admitted in evidence. The deed is formal, and the judgment recited in it, although some of the defendants were married women, was not void. The judgment may have been erroneous and reversible for error, but unless it was absolutely void, the sale of the land under it and its purchase by Towner and the sheriff's deed vested in him the title as against the judgment defendants. *Hoskinson v. Adkins,* 77 Mo. 537; *Lenox v. Clarke,* 52 Mo. 115. The judgment against Thomas J. Holton, Jr., although a minor, and no guardian was appointed, was not void. *Jeffries v. Robideaux,* 3 Mo. 33; *Fulbright v. Cannefax,* 30 Mo. 435; *Gott v. Powell,* 41 Mo. 416; *Townsend v. Cox,* 45 Mo. 401. Plaintiffs' possession was insufficient to authorize a recovery. *Bledsoe v. Simms,* 53 Mo. 305; *Dunn v. Miller,* 75 Mo. 260; *Crockett v. Morrison,* 11 Mo. 3.

*C. L. Dobson* for defendants in error.

The infant plaintiff, Thos. J. Holton, Jr., having recovered judgment in the court below, no advantage can be taken of his having appeared by attorney in seeking the

appointment of a next friend. 2 Wag. Stat., § 19, p. 1036 ; R. S., § 3582; *Robinson v. Hood*, 67 Mo. 660. Besides, the disability of infancy is now removed. He is of full age and appearing by attorney in this court. He is now twenty-three years old. The evidence tended to prove prior possession in the plaintiffs, and the finding of the court below, under the instructions given, was a finding of that question of fact in plaintiffs' favor, and is not subject to review in this court on that point.

The evidence offered by defendant shows that plaintiffs and defendants claim under the same source of title, and, therefore, the only question presented to this court is the correctness of the ruling of the court below in excluding the sheriff's deed and judgment offered by defendants. This deed and judgment were treated by the circuit court as nullities, because they showed upon their face that the defendants in error, Susan M. Walker, Maria M. Clark and Julia M. Fisher, were all married women at the time of the rendition of the judgment. The evidence of James W. Walker, read by plaintiffs, proved the same thing. For this reason the judgment and deed are nullities. *Corregan v. Bell*, 73 Mo. 53 ; *Hargadine v. Van Horn*, 72 Mo. 370 ; *Robinson v. Hood*, 67 Mo. 660 ; *Jackson v. Bowles*, 67 Mo. 609 ; *Weil v. Simmons*, 66 Mo. 617 ; *Gage v. Gates*, 62 Mo. 412 ; *Wernicke v. Wood*, 58 Mo. 352 ; *Lincoln v. Rowe*, 64 Mo. 138 ; *Higgins v. Peltzer*, 49 Mo. 152 ; *Covenant Ins. Co. v. Clover*, 36 Mo. 392. A judgment at law against a married woman, is not an irregularity. *Jones v. Hart*, 60 Mo. 356 ; Tidd's Prac., 512, 513. It is absolutely void. *Fithian v. Monks*, 43 Mo, 502, and authorities cited. The judgment being void as to the married women who were sued, it is void as to all. The judgment is an entirety. *Covenant Ins. Co. v. Clover*, 36 Mo. 392; Freeman on Judg., § 136; *Hulett v. Nugent*, 71 Mo. 131 ; *Green v. St. Clair*, 52 Mo. 327 ; *Smith v. Rollins*, 25 Mo. 411 ; *Rush v. Rush*, 19 Mo. 441. A judgment erroneous as to one or more defendants, and not as to others, cannot be reversed in part and affirmed in

part. It must be reversed or affirmed as to all. By what rule can a judgment absolutely void as to three defendants, be held valid as to one or more others ? The judgment offered in evidence by defendants, and recited in the sheriff's deed, was against the three married daughters of Thomas J. Holton, deceased—Mrs. Walker, Mrs. Clark and Mrs. Fisher— his widow, Sabina B. Holton, and one Elijah H. Holton. The two latter are not parties to this suit. Elijah H. Holton does not appear to have had any interest in the land in controversy. So the only persons in any wise interested in the land against whom the court had any power to render a judgment at law, under any circumstances, were the widow, Sabina B. Holton, and the minor, Thos. J. Holton, Jr. But the dower interest of the widow in the real estate in controversy, being unassigned, was not subject to levy and sale either under attachment or execution.

HOUGH, C. J.—This is an action of ejectment to recover the possession of the northwest quarter of the southwest .quarter, and the south half of the southwest quarter of section 2, township 57, range 18, in Linn county. The petition is in the usual form. The answer contains, first a general denial, second, an allegation that one of the plaintiffs, Thos. J. Holton, is a minor, under the age of twenty-one years, and has no legal capacity to sue; and third, that the defendant, Towner, had acquired, by sheriff's deed, the plaintiffs' title to the land in question.

The plaintiffs introduced in evidence a patent from the United States to Joseph Jay for the land in question, and sundry mesne conveyances, through which they attempted to establish title in Joseph J. Holton, who died in 1859, leaving the plaintiffs, with the exception of the husbands of the female plaintiffs, as his heirs at law. It appears from the testimony, that in 1859, Thomas J. Holton rented the land to one Cash; that in 1867 one of the plaintiffs erected a house on the land which was rented for the plaintiffs by an agent until 1871 or 1872, when one Love took possession,

claiming under some pretended title. It further appears that Love was put out of possession in 1875 or 1876 by the plaintiffs through some proceeding instituted by them to recover the possession, and that no one occupied the land thereafter until Towner, the defendant, took possession. He put a tenant in the house, and fenced a large part of the land. The precise date, when Towner went in, is not shown. This suit was instituted in October, 1877; the ouster of the plaintiffs is laid in June, 1877, and the defendants were shown to have been in possession at the institution of the suit. It also appears that Thomas J. Holton paid taxes on the land from 1846 or 1847, until his death in 1859, and thereafter, and up to the time of trial, the plaintiffs paid taxes. The defendants offered in evidence a deed from the sheriff of Linn county to the defendant, Towner, for the land in question which was dated on June 7th, 1877, and recites that, "on the 13th day of December, 1876, judgment was rendered in the circuit court of Linn county and State of Missouri, in favor of John Nutter and against Sabina B. Holton, Elijah H. Holton, J. W. Walker and Susan M. Walker, his wife, Martha M. Clark and A. D. Clark, her husband, Thomas J. Holton, Julia M. Fisher and Robert J. Fisher, her husband, for $124.10 for debt" and for costs; that an execution was issued on said judgment, March 3rd, 1877, which was levied by the sheriff on the land in question, March 10th, 1877, and at the June term, 1877, of the circuit court of Linn county, under and in pursuance of said execution and levy, and notice of sale duly given, the said land was sold by the sheriff and the defendant, Towner, was the purchaser at and for the price and sum of $75.00.

The following judgment, in said deed recited, was also offered in evidence. "John Nutter, plaintiff, against Sabina B. Holton, Elijah H. Holton, J. W. Walker and Susan Walker, his wife, Martha M. Clark and A. D. S. Clark, her husband, and Thomas J. Holton, Julia M. Fisher and Robert J. Fisher, her husband, defendants.

Now at this day comes the plaintiff by his attorney, and the defendants, although summoned by publication in all things according to law, an interlocutory judgment having been rendered herein at the last term of the court, and the defendants still failing to appear, and the suit of the plaintiff being founded upon an instrument of writing and the amount of plaintiff's demand ascertained by said instrument, the court doth assess the amount due by the defendants to the sum of $124.10. Wherefore, it is considered and adjudged by the court, that the plaintiff recover of the said defendants $124.10 and his costs in this behalf expended, and that he have execution against the real estate attached in this suit, to-wit: The west half of the southwest quarter, and the southeast quarter of the southwest quarter, of section two (2), and the southwest quarter of section twenty (20), all in township fifty-seven (57), of range eighteen (18), in Linn county, Missouri." Which judgment was rendered in the circuit court of Linn county, December 13th, 1876.

The deed and judgment were, on the objection of the plaintiffs, excluded by the court. After the testimony was all in, on the application of the attorney for the plaintiffs, and against the objections of the defendants, a next friend was appointed for Thomas J. Holton, Jr., one of the plaintiffs, to further prosecute the suit in his behalf. The court ruled that the paper title of the plaintiffs was defective, but held that as they had prior possession under color of title and claim of the fee, they were entitled to recover and judgment was rendered accordingly. It is unnecessary to notice the objections to the several conveyances in the plaintiffs' chain of title, as they base their right to a recovery on prior possession, and the paper title offered by them is certainly admissible as color of title. Besides, it is doubtful whether the defendants can be heard, here, to question the validity of the plaintiffs' title after having offered testimony for the purpose of showing that they are entitled to possession by reason of having acquired their title at execution

sale. *Fugate v. Pierce*, 49 Mo. 441. Under the rule laid down in that case, they might have been compelled at the trial to elect between this plea, denying the plaintiffs' title, and the plea alleging that they had acquired the same; and having offered to show that they had acquired the plaintiffs' title, they might be regarded as having abandoned their plea denying the plaintiffs' title. *Vide Wilcoxon v. Osborn*, 77 Mo. 621; *Brown v. Brown*, 45 Mo. 412.

We understand the deed and judgment to have been excluded by the court below, on the ground that the judgment was a nullity. In this ruling, we are of opinion that, the court erred. It has been repeatedly decided by this court that a personal judgment, such as appears in this case, against a married woman is a nullity. But the judgment is also against other parties, who are *sui juris;* and while this judgment is an entirety for the purposes of review, on appeal or writ of error, and would be reversed as to all the defendants, if directly assailed, because the court erred in rendering a judgment against the married women, which it had no power to render, and which was, therefore, as to them a nullity, it does not follow that such judgment is also to be regarded as of no validity whatever, as to the other defendants, when collaterally assailed. We are aware that it has been often stated in general terms that a judgment at law, when void as to one is void as to all. But this language is not entirely accurate when the judgment is against parties who are severally liable. All contracts in this State which were joint at common law, are declared by statute to be joint and several, and the judgment offered in evidence is based upon an instrument in writing for the payment of money which will be presumed to be a several contract. In such case, if judgment be entered against one shown by the record not to have been served, or against one appearing from the record to be a married woman, and also against other parties who are *sui juris*, the judgment will be held to be void as to the married woman, or person not served, and voidable only as to the others, and, there-

fore, as to them not open to collateral attack. This is evidently the ground upon which this court proceeded in *Lenox v. Clarke*, 52 Mo. 115, where a judgment against two which was void as to one, was held valid as to the other, when collaterally assailed. The same principle is recognized in *Wernecke v. Wood*, 58 Mo. 352, where it is stated *arguendo*, that a judgment void, as to one of several defendants, may be enforced against the others. And in *Fithian v. Monks*, 43 Mo. 502, the judgment was held to be void only as to Mrs. Fithian, one of the defendants therein. The general statement made in *Hoskinson v. Adkins*, 77 Mo. 537, that a judgment, void as to one is void as to all, is subject to the qualifications here made. The judgment and sheriff's deed should, therefore, have been admitted in evidence against those of the plaintiffs named therein, who were not married women, and who had an estate in the land sold.

The appointment of a next friend for Thos. J. Holton was irregular and illegal. Such appointments can only be made at the time and in the manner pointed out by the statute. But treating this appointment as a nullity, the judgment could not be reversed on that ground, as the statute expressly provides that no judgment shall be reversed because an infant appeared by attorney when the judgment is in favor of the infant. R. S. § 3582.

The disposition we have made of the case renders it unnecessary for us to pass upon the objections made to some of the oral testimony introduced by the plaintiffs.

For reasons heretofore given, the judgment will be reversed and the cause remanded. The other judges concur except Judge SHERWOOD, who is absent.