———o———

ANN CRUCHON, ADM'X of ALEXANDER CRUCHON, dec'd, Respond-
ent, *vs.* LEWIS BROWN, Appellant.

1. *Practice, civil—Suit brought by husband to use of wife—Error, how corrected.*
The supreme court will not reverse a cause simply on the ground that the
suit was brought in the name of the husband to the use of his wife instead of
in the name of the husband alone ; such error may be corrected by the trial
court after judgment, or by the supreme Court, (see Wagn. Stat. 1034, § 6, and
1037, § 20).

*Appeal from Cape Girardeau Court of Common Pleas.*

*Lewis Brown, pro se.*

*J. B. Dennis*, for Respondent.

SHERWOOD, Judge, delivered the opinion of the court.

This suit originated before a justice of the peace, and is
based on an account for the sum of fourteen dollars and fifty

cents ($14.50) for certain articles of millinery, furnished by Mrs. Cruchon to the wife of defendant.

The plaintiff had judgment before the justice and the defendant appealed the cause to the Cape Girardeau Common Pleas, had a jury impaneled, went into trial and after the plaintiff's testimony was finished, moved the court to dismiss the cause because the action was not brought in the name of the real party in interest. This motion the court overruled; defendant excepted, and the plaintiff again recovered judgment, to reverse which this cause is brought here by appeal; and we are asked to reverse the judgment, not because the indebtedness is denied, but on the |purely technical ground that the action is brought in the name of the husband to the use of the wife, when in strictness it should have been brought in the name of the husband alone.

The difficulty suggested by the defendant (who is evidently more particular than just) is easily obviated. Our Statute respecting amendments expressly authorizes the striking out of the name of a party in furtherance of justice or the correction of a mistake in any other respect after final judgment rendered, and also permits the court to which the cause is taken by writ of error or appeal, to make amendments of a like nature, which are not against "the right and justice of the matter of the suit."

The judgment of the court below will accordingly be amended by striking out the name of the wife and letting the judgment stand affirmed in the name of the husband alone. And upon the defendant will be cast the burden of all the costs which he has needlessly incurred in this petty litigation. The other Judges concur.