## HYDRICK VS. BURKE.

1. HUSBAND AND WIFE. *Proceeds of wife's property.*

    Money derived from the sale of a married woman's land in another State will, in the absence of a statute of that State enlarging her rights, vest in the husband.

2. CONFLICT OF LAW. *Presumption as to the law of another State.*

    In the absence of evidence as to the law of another State, it will be presumed that the common law is in force.

3. HUSBAND AND WIFE. *Married women cannot contract.*

    A married woman cannot, at common law, contract for and purchase property in her own right.

3. *Property acquired by a married woman in another State.*

    In order to protect a married woman in the enjoyment of property brought by herself and her husband into this State, she must show that she acquired a perfect title at the place of purchase, and that the instrument under which she claims was either recorded in that State or under the laws of this State.

APPEAL from *Lincoln* Circuit Court.

Hon. READ FLETCHER, Special Judge.

*Harrison & Jones* for appellant.

*Ford* for appellee.

Cited and relied upon Constitution of 1868, art. 12, sec. 6; Gantt's Digest, ch. 93, secs. 4193–94; *Rush* v. *Vaught,* 55 Penn. St., 437; *Brummet* v. *Weaver,* 2 Oregon, 168; *Schurman* v. *Marley,* 29 Ind., 458; *Spaulding* v. *Day,* 10 Allen (Mass.), 96; *Vreeland* v. *Vreeland,* 1 Green (N. J.), 572; *Buckley* v. *Wells,* 33 N. Y., 518; *Jennings* v. *Davis,* 31 Conn., 134; *Kirkpatrick* v. *Buford,* 21 Ark., 268. The act of 28th April, requiring registration, was not passed when the right of action accrued.

*Dick Gantt,* for same.

The act in Gould's Digest, if it ever applied to require a schedule of a married woman's personal property, was impliedly repealed by the Constitution of 1868. The Constitution should receive a liberal construction. Cooly on Con. Lim., p. 61, and cases cited. See *Goldman* v. *Clark,* 1 Nev., 607.

In absence of proof, the laws of a foreign State are presumed to be those of the forum. *Cox* v. *Morrow,* 14 Ark., 603; *Tatum* v. *Hines,* 15 Ark., 180.

Husband does not acquire title to wife's property by possession and use. *White, admr.,* v. *Zane,* 10 Mich., 333; *Wales* v. *Newbould,* 9 Mich. 45.

The verdict of the jury will not be disturbed where there is not total want of evidence. Rose's Digest, p. 562.

The act of 1873 only required the real estate to be scheduled. See pamphlet act, p. 379, sec. 10, although different in the Digest. There has been no act making Gantt's Digest the law of the land.

WALKER, J.:

This suit was brought by Jane C. Burke, a married woman, to recover two mules, a wagon and harness, which she claimed as her separate property, bought in the State of Missouri by her husband, at her instance, with her money, which she claims to have received for a tract of land which came to her by descent, which she sold in the State of Tennessee, whilst she resided in that State with her husband. She and her husband removed from Missouri to Arkansas. At what time they came to Arkansas, or how long they resided in this State does not appear from the evidence. No date is given as to the time of residence, either in Tennessee or Missouri. It is in proof, however, that on the 15th of November, 1872, the husband, without the knowledge or consent of his wife, took the mules and wagon from Little Rock, where they resided, to Lincoln county, in this State, and sold and delivered them to the defendant, and received from him part of the purchase money.

It is in evidence that the wife claimed the property as her own whilst living in Little Rock, and hired a driver to drive the

team, but that the husband sometimes drove it.   About the 1st of December, 1872, the plaintiff went to the house of defendant and claimed the property as hers.   Defendant refused to deliver the property to her.   She went to Pine Bluff, where her husband was then living, and resided with him.   The plaintiff denies positively that she ever assented to the sale of the property to defendant, whilst the evidence of the defendant and two witnesses strongly prove that she assented to the sale.   The defendant states that she urged him to make the last payment for the mules, etc.; that she and her husband were in need of the money. Two witnesses state that she sent word by them to the defendant to pay the balance of the purchase money without further delay. The defendant testifies that he paid to her husband the balance of the purchase money for the property at their own house in Pine Bluff, the plaintiff then living in the house, and in a position where she might have seen and heard what passed when the payment was made, and made no objection to the payment to the husband.

Upon this point there was clearly a conflict of evidence; which, whilst the preponderance appears to have been greatly in favor of the defendant, it may not be necessary to consider, because, unless it shall appear that the wife was, in fact, the owner of the property in her own right, her subsequent affirmance of the sale by her husband is immaterial.

Conceding it to be true that the money used in payment of the property was that received by the wife for land in Tennessee which came to her by descent, still, in the absence of a statute of that State enlarging her marital rights, the husband, by virtue of his marriage, was entitled to the money, the proceeds of the sale of the land.

The statute of Tennessee was not introduced as evidence of the laws then in force, and the court could not take judicial notice of the statutes of Tennessee.   *Cox* v. *Morrow*, 14 Ark., 606.

In the absence of this evidence, it is to be presumed that the common law is still in force in that State, and consequently the wife's claim to a separate property in the money must fail. See Perry on Trusts, page 278.

At the time of the purchase of the mules, wagon and harness in Missouri, the plaintiff was a *femme covert*, and if she then had power to contract for, and purchase property in her own right, such power must have been conferred by the statutes of Missouri, with regard to which there was no proof.

When property claimed by a married woman is brought by herself and husband into this State, in order to protect her title to it she must show that she acquired a perfect title to the property according to the laws of the State where the purchase was made. When this is shown, and that the instrument through which she acquired her title is there recorded, as held in *Oneil* v. *Henderson*, trustee, 15 Ark., 235, it is not necessary for the wife, in order to protect her right to the property, also to record it in the county in which she resides in this State; otherwise, unless so recorded according to the laws of this State, she cannot hold it as separate property, as held by this court in the case of *Beeman and wife* v. *Cowser et al.* 22 Ark., 432.

The 7th section, chapter 3, Gould's Digest, which was in force at the time this right accrued, expressly provides that before any married woman shall be entitled to the privileges and benefits of this chapter (referring to preceding sections which confer the right to take and hold property in her own right) she shall cause to be filed in the Recorder's office, in the county where she lives, a schedule of the property derived through her.

The 8th section requires that the deed, or other instrument, by which she acquires title, shall set forth that the same is designed to be held exempt from the liabilities of the husband.

These provisions of the statute were evidently intended to so distinguish the separate property of the wife from that of her

husband, and from her general property as to prevent fraud and imposition upon creditors and purchasers, and, unless these conditions are complied with, the right to hold separate property is lost.

At the instance of the plaintiffs the court instructed the jury that registration, or scheduling of the property was unnecessary in order to protect the wife in her title to the property in this State. This was erroneous because, as we have seen, there was no proof of the existence of statutes changing the common law within Tennessee or Missouri, in the absence of which the presumption is that the common law is still in force there, and even if these States authorized the wife to take and hold separate property, under our decision in *Oneil* v. *Henderson*, trustee, the instrument, under which she claimed title, should have been registered either in the State where the title was acquired, or in this State.

There were several other instructions given or refused, to which exceptions were taken, but as the determination of this instruction covers the material questions at issue we deem it unnecessary to notice them.

The court below erred in overruling the defendant's motion for a new trial.

Let the judgment be reversed and the cause remanded that a new trial may be had.

Hon. W. M. HARRISON, J., did not sit in this case.