Weil v. Simmons.

Weil *et al.*, *Plaintiffs in Error* v. Simmons *et al.*

1.  **A Judgment** in personam against a married woman, is a nullity ; and this is true though she is sued as member of a mercantile firm.
2.  **Practice**: new parties. An objection to the action of the trial court admitting a new party to a suit comes too late, if made for the first time when the case has reached the Supreme Court.
3.  **A Judgment against a Married Woman**: under the statute of amendments and jeofails (Wag. Stat., pp. 1034, 1036, 1037, §§ 6, 19, 20), a judgment at law against several defendants, one of whom appears by the record to be a married woman, may, in furtherance of justice, be amended by the court which rendered it, at a subsequent term, by striking out the name of the married woman and permitting the judgment to stand as against the others.

Per Hough, J., Dissenting.

4.  Such a judgment is a mistake of law, and is erroneous, and can only be corrected on appeal or by writ of error ; it is not an irregular judgment within the meaning of the statute authorizing judgments to be set aside by the court in which they were rendered for irregularity.

*Error to Phelps Circuit Court.*—Hon. Elijah Perry, Judge.

*W. G. Pomeroy* with *Lay & Belch* for plaintiffs in error

*Henry Flanagan* for defendants in error.

Sherwood, C. J.—The record discloses that defendants Sabina Simmons and Daniel Deegan, carried on as partners, under the style of Simmons & Deegan, a mercantile business at Rolla, Mo. Being sued by plaintiffs on an account, contracted as such firm, and the husband being joined as a necessary party defendant, each of the defendants, by written acknowledgement, acknowledged service of process, waived necessity of service by an officer, waived all error, and consented to the rendition of judgment. Judgment *in personam* was accordingly rendered against all of the defendants, a small per cent. of which was paid. Subsequently, they instituted proceedings to set aside the

judgment and stay execution. The latter portion of the prayer was granted, and a temporary stay ordered in vacation. On convening of court, Thos. Smith, trustee in bankruptcy of the firm of Simmons & Deegan, appeared, was made without objection, a party defendant, and filed a motion to set aside the judgment. The motion was successful, and thereupon the temporary order for stay of execution was made perpetual, and plaintiffs come here by writ of error.

1st. Judgment against married woman *in personam*, is a nullity. (*Caldwell v. Stephens*, 57 Mo. 589 ; *Wernecke v. Wood*, 58 Mo. 352; *Gage v. Gates*, 62 Mo. 412; *Lincoln v. Rowe*, 64 Mo. 138) ; and the attitude of the case is by no means altered, because of her being declared against as a member of a mercantile firm. Considered alone with respect to the question of irregularity, the action of the court below, in granting the motion, was clearly correct; and were this the only point for consideration, we should, without hesitancy, affirm the judgment. We shall advert to this matter hereafter.

1. A JUDGMENT in personam.

2nd. If the judgment, on account of the obvious irregularity, was properly set aside, it is quite evident that the execution fell with it; so that the perpetual staying of a *fi. fa.* issued on a vacated judgment, could work the plaintiffs no hurt; and therefore could not form a subject for revision here.

3rd. As to Smith, who it seems, had been appointed trustee in bankruptcy of the firm composed of Mrs. Simmons & Deegan, and who, as such, filed the successful motion aforesaid, it is only necessary to observe that no objection having been made to his coming in as a party, the time has passed for making it now.

2. PRACTICE: new parties.

4th. Nor is the aspect of the case at all changed as to the proper results attendant on such motion, by reason of the fact that prior to its filing, a temporary injunction as above stated had been applied for and granted in vacation

at the instance of the judgment defendants. The motion of the trustee in bankruptcy, was entirely distinct from, and independent of any precedent action of the judgment defendants themselves, and therefore not to be affected by anything which they had done, or attempted to do.

5th. We come now to the matter whereto we heretofore promised to advert. It has been suggested, that conceding in one point of view, the correctness of the ruling, which caused the issuance of the present writ of error; yet, that, under our statute of jeofails, and the case of *Cruchon v. Brown,* (57 Mo. 38,) this court ought to strike out the name of Mrs. Simmons, and thus amend the judgment in the — obnoxious particular complained of. We regard the suggestion as possessed of much force, and for these reasons : Our statute of jeofails (§ 6, p. 1,034, 2 W. S.,) provides that the court in furtherance of justice may add or strike out the name of a party. And although that section is in strictness applicable to trial courts, yet sections 19 and 20 of the same article breathe the same spirit, and are equally broad in the scope of the amendatory powers, which they confer on courts possessed of appellate jurisdiction. Section 19 is as *broad as eternity*, and enumerates and cures every conceivable blunder that an ignorant court, its officers, the parties or their attorneys are likely to commit, provided it be one "*by which neither party shall have been prejudiced;*" and section 20 gives to this court the healing power to supply and amend "the omissions, imperfections, defects and variances in the preceding section enumerated, and *all others of a like nature*, not being against the right and justice of the matter in suit, and not altering the issues between the parties on the trial." (*Muldrow v. Bates*, 5 Mo. 214.) Now this act is *remedial* in its nature, and therefore to be *liberally* construed ; and it would be assuming too much to say that the legislature *meant nothing* by the use of such vigorous and comprehensive language ; and it would be assuming *still* more, to hold that though the act *meant* something,

*3 A JUDGMENT AGAINST A MARRIED WOMAN: under the statute of amendments and jeofails.*

yet that it has no bearing on a case of this sort. Presumptively, the personal property of the wife is that of the husband. *Hydrick v. Burke*, 30 Ark. 124; *Seitz v. Mitchell*, 94 U. S. 580. In the case last cited, it was held that in the absence of evidence that the wife purchased the property with her own separate funds, the presumption is *a violent one* that the husband furnished the means of payment. (16 Am. Law. Reg. 505.) There is nothing apparent of record to combat this usual presumption by showing the wife the owner of a separate estate in the property levied on. We shall therefore hold that it will be "in furtherance of justice," and not against "the right and justice of the matter in suit," (2 Wag. S., p. 1,037, § 20,) to make the amendment desired, since we must assume, and the record warrants us in so doing, that the wife's interest in the partnership property belonged to the husband. And the consent by the husband to the rendition of judgment against him, must be regarded as an assent to and ratification of the purchase of the goods by the wife, even had she no prior authority. (2 Sm. Lead. Cas. 433, 437, 449, and cas. cit.) We therefore reverse the judgment and remand the cause, with directions to proceed conformally to this opinion. All concur, save HOUGH, J., who dissents.

REVERSED.

### Dissenting Opinion.

HOUGH, J.—I concede the power of this court to review, under the present writ of error, the judgment of the circuit court rendered at the August term, 1874, and to direct the circuit court to enter the judgment it should have entered, although no appeal was taken from that judgment. A similar ruling was made in *Jones v. Hart*, 60 Mo. 352. But I object to the extensive scope given in the opinion of the court, to the statute of jeofails. I object to giving courts of first instance the power to review

and reform their erroneous judgments, after the term at which they were rendered has lapsed. Courts of first instance have the power, under the statute, to set aside judgments for irregularity, at any time within three years after their rendition. But this provision was never intended to authorize them to exercise the ordinary powers of an appellate tribunal with reference to their own judgments. This was not a case for a writ of error *coram nobis,* as it appears from the original petition on which the judgment was rendered, that one of the defendants was a married woman. *Ex parte* Toney, 11 Mo. 661. The distinction between erroneous and irregular judgments is so well established, that there is but little room left for two opinions on the subject. The judgment in question was doubtless erroneous, but it was not an irregular one, within the meaning of the statute, and the circuit court had no power to set the same aside for irregularity. The power, conferred by the statute to amend any record, pleading, process, entries, returns, or other proceedings, in affirmance of a judgment, is not power to amend the judgment itself. For a definition and examples of irregular judgments, *Vide* Tidd's Prac. 512, 513; *Ashby v. Glasgow,* 7 Mo. 320; *Stacker v. Cooper Circuit Court,* 25 Mo. 401; *Doan v. Holly,* 27 Mo. 256; *Moss v. Booth,* 34 Mo., 318; *Lawther v. Agée,* 34 Mo. 372; *Harbor v. P. R. R. Co.,* 32 Mo. 423; *Harkness v. Austin,* 36 Mo. 47; *Downing v. Still,* 43 Mo., 309; *Jones v. Hart,* 60 Mo. 351; *Simms v. Gray, ante* p. 613; *Murray v. Purdy, ante* p. 606. In *Harbor v. P. R. R., supra,* Dryden, J., delivering the opinion of the court, said: "Where there is any irregularity in the proceedings, the court will, on motion, at a subsequent term, set aside the judgment, or do whatever the justice of the case may require, but, where the proceedings are regular, however erroneous, the power of the court to interfere, ceases with the term at which the proceedings are had. In the case under consideration, no irregularity in the proceedings are brought to the notice of the court. The case was regularly for trial, and, so

far as we can see, was regularly tried." By reference to the case of *Ashby v. Glasgow, supra,* it will be seen that Judge Scott was of opinion that "an error in the court in rendering judgment, is not cured by the statute of jeofails; it can only be corrected by appeal or writ of error." I therefore dissent from the opinion of my associates