[No. 1753.]

CRISPEN v. HANNOVAN et al., Appellants.

[No. 1465.]

CRISPEN, Appellant, v. HANNOVAN et al.

1. **Ejectment.** Where a plaintiff comes into possession of the premises after the commencement of his action of ejectment, and during its pendency, he is, nevertheless, entitled to a judgment for *mesne* profits, and for his costs.

2. **Judgment, Reversal of.** Where a judgment is reversed with the usual mandate to restore the parties to the same condition in which they were before its rendition, it becomes mere waste paper, and the parties are allowed to proceed in the trial court to obtain a final determination of their rights in the same manner and to the same extent as if the cause had not been decided in the trial court. Neither party in the subsequent prosecution of the cause can suffer detriment or receive assistance from the former adjudication.

3. **Practice in Supreme Court: JUDGMENT AGAINST A MARRIED WOMAN.** Where a judgment is erroneously rendered against a married woman, the Supreme Court can amend the same by striking out her name.

*Appeal from Carroll Circuit Court.*—HON. JAMES M. DAVIS, Judge.

AFFIRMED as to number 1753.

REVERSED as to number 1465.

*Prosser Ray, John L. Mirick* and *Hale & Sons* for Hannovan *et al.*, appellants in cause number 1753.

(1) The defendants acquired title to the eleven acres either under the ten years' or the two years' limitation law. If their adverse possession began after the date of the judgment, in 1875, it being military bounty land, the defendants acquired title under the two years' limitation law. If it is held to commence with the possession of their ancestor, say in 1867, then they have acquired title under the ten years' limitation law. (2) The judgment rendered in 1875, being in favor of plaintiff for all the quarter in controversy, except the eleven acres on the west side, and that being the judgment appealed from by defendants, and no appeal taken by plaintiff, no land was in controversy on the trial in this cause, except that portion of the quarter involved in the judgment appealed from by the defendants, and which was reversed by the Supreme Court. (3) The instructions given for the plaintiff, and refused for the defendants, show clearly that the case was tried and determined by the court below on the theory that the whole quarter was in controversy on that trial, and yet the judgment is only for a part of the eleven acres on the west side of the quarter. The finding and judgment of the court, therefore, is contrary to the instructions given and refused, and does not accord therewith. If that part of the quarter, except the eleven acres on the west side, was not in issue, and plaintiff was not entitled to recover the same, then the court erred in giving the first instruction on that point. (4) The first duty of the court below after the reversal of the former judgment was to carry into effect the mandate of this court before any other proceedings in the ejectment suit. (5) The lower court rendered a judgment at law against Mary McKinney, a married woman, and it is clearly irregular as to her. *Hunt v. Thompson,* 61 Mo.

148.    (6) The judgment for damages against the administrators could be recovered only in a separate action.

*Botsford & Williams, L. H. Waters,* and *T. J. Whiteman,* for Crispen, respondent in cause number 1753.

(1)    The action of ejectment can be maintained in all cases where the plaintiff at its commencement is legally entitled to the possession of the premises against the defendant then in possession, and the fact that during the pendency of the action the possession has passed from defendant to plaintiff, and that at the time of the trial plaintiff is in possession of the premises sued for, or a part of the same, will not bar a recovery. R. S., secs. 2247, 2253, 2256–7; Adams on Ejectment (Ed. 1840) 390; *Clarkson v. Stanchfield,* 57 Mo. 573. (2) Damages for waste and injury to the freehold, by way of damages, mesne profits during the occupancy of the adverse holder are also awarded in this action, and a judgment in such case is a bar to any other action for such damages, rents, and profits. *Stewart v. Dent,* 24 Mo. 111; *Lee v. Bowman,* 55 Mo. 400. In this state, an action of trespass, without ejectment, cannot· be maintained for mesne profits or damages for waste by a party out of possession holding the legal right of possession against one in the actual possession of lands without an actual disseizin of the true owners. *Cochran v. Whitesides,* 34 Mo. 417. But even if plaintiff· could recover such rents and profits in a separate action, he still is entitled in this action to a judgment for them, as damages, and to his costs which have accrued in consequence of the wrongful withholding of defendants prior to the time of plaintiff's obtaining possession. This question has been before the courts of other states, and has been decided in accordance with the views here presented. *Price v. Sanderson,* 3 Harrison (N. J.) 426; *McChesney v. Wainright,* 5 Ham.

(Ohio) 452; *Venner v. Underwood*, 1 Root (Conn.) 73; *Tyler v. Canaday*, 2 Barb. (N. Y.) 160. Mrs. McKinney was an unnecessary party, her possession being that of her husband. *Bledsoe v. Simms*, 53 Mo. 305; *Cooper v. Ord*, 60 Mo. 430. But the judgment, although a nullity as to her, was valid as to her co-defendants. *Wernecke v. Wood*, 58 Mo. 358. Besides, the judgment can be amended by striking out the name of Mrs. McKinney. *Weil v. Simmons*, 66 Mo. 619.

*M. T. C. Williams, T. J. Whiteman,* and *L. H. Waters* for appellant Crispen, in cause number 1465.

(1) The decision of the court below was such a judgment as entitled plaintiff to appeal. R. S. 1879, sec. 3710, p. 632; *McCormack v. McClure*, 6 Blackf. (Ind.) 467; *Breading's Heirs v. Taylor*, 6 Dana (Ky.) 226; *Barry v. Briggs*, 22 Mich. 201; *Towle v. Smith*, 27 Wis. 268; *Wakely v. Delaplaine*, 15 Wis. 554; *Gale v. Michie*, 47 Mo. 327; *Bruce v. Vogel*, 38 Mo. 100. (2) The decision on the motion was the end of it as much as if the motion had been in the form of a petition. *James ex parte*, 59 Mo. 284. (3) The appellant had a right to a jury on the question of rents and profits. *Cummings v. Noyes*, 10 Mass. 433. (4) The rights of third parties are not divested by restitution. *Gott v. Powell*, 41 Mo. 420; *Vogler v. Montgomery*, 54 Mo. 577. (5) There was no evidence to sustain the judgment rendered on defendants' motion in the court below. There was no attempt to prove the value of the rents and profits of the premises from the time plaintiff took possession, in October, 1875, until March, 1881. If defendants desired to recover rents and profits for the time plaintiff was in, they should have resorted to their action therefor. *Hawley v. Brown*, 43 How. Pr. 17; *Gott v. Powell et al.*, 41 Mo. 420.

*Prosser Ray, J. L. Mirick,* and *Hale & Sons* for respondents Hannovan *et al.,* in cause number 1465.

NORTON, J.—The plaintiff, Ephraim P. Crispen, brought an action of ejectment for the recovery of the southeast quarter of section seven, in township fifty-three, north, in range twenty-one, west, in Carroll county, Missouri, February 15, 1869, against the ancestor of the defendants, whose death was suggested, and the case properly revived. At the September term, 1875, said cause was tried, and plaintiff recovered all of said tract, except eleven acres off of the west side thereof. An appeal to the Supreme Court was allowed defendants at said term, but no appeal bond was given. On the twenty-sixth of October, 1875, the plaintiff, under a writ of possession of said Carroll circuit court, was put in possession of the premises so recovered, and still retains the same, except as hereinafter stated. Defendants thereafter prosecuted their appeal to the Supreme Court, and at the October term, 1880, of said court, said cause was reversed and remanded, and a mandate in the usual form was issued to the Carroll circuit court.

At the March term, 1881, of said circuit court, defendants filed in said court their motion asking that an execution issue against Crispen, requiring the sheriff to restore to defendants below the possession of the real estate which they had lost by virtue of the former judgment and execution thereunder; also, for costs, damages, rents, and profits, collected on said execution. Plaintiff filed objections to the hearing of this motion on the following grounds:

1. That said cause was placed upon the docket of the said March term, 1881, for trial on the twenty-fifth of March, and the fifth day of said term, and that said cause was called for trial, and plaintiff announced that he was ready for trial.

2. That defendants' said motion was not filed until March 29, being the eighth day of said term, and that no notice was given plaintiff of the filing of the same before the same was filed.

3. That said motion was filed for delay, and that the same has nothing to do with the merits of the case.

These objections were overruled, to which plaintiff excepted, and thereupon he filed an answer to the motion to the effect that in September, 1880, while the judgment rendered in his favor, in 1875, remained in full force and unreversed, leased ninety acres of the land recovered by him, to one Wilkerson, for one year from that date, who planted it in wheat, and was still in possession of the same under said lease. That no part of the damages recovered by him in said judgment were paid by, or collected from, defendants, and that he had repaid all costs collected of defendants. This answer was sworn to by plaintiff. On the hearing of the motion, the judgment, writ of possession, and mandate of this court were read in evidence, whereupon the court sustained the motion, and ordered an execution to issue restoring defendants to the possession, and rendering judgment in favor of defendants for nine hundred and fifty dollars, for rents and profits while plaintiff was in possession from October 26, 1875, to March, 1881. It is from this action of the court that plaintiff appeals.

This case was argued in connection with the case number 1753, of *Crispen v. Hannovan et al.*, which, upon the reversal by this court of the judgment rendered therein in 1875, was again tried at the July term, 1881, of the Carroll circuit court, and judgment rendered for plaintiff for six of the eleven acres not recovered by him in the former judgment, and from which defendants have appealed. Both these cases having been argued in this court together, and each being so dovetailed into the other that the consideration and determination of them separately would operate to the prejudice of one or both

parties, we feel justified in considering them together. It seems to be conceded that the evidence adduced on the trial of the ejectment suit, had in July, 1881, showed a complete and perfect paper title to the lands sued for to be in the plaintiff, and that defendants, being without color of title, rested their claim to defeat plaintiff's recovery on the sole ground of an open, notorious, actual adverse possession for such length of time as, under the statute of limitations, barred plaintiff's right of action. It appears that by reason of the fact that Crispen, when he appealed from the order and judgment of the circuit court, made at its March term, 1881, directing the restoration to defendants of the possession of the land lost by the judgment in 1875, gave bond, which operated as a *supersedeas;* that at the trial of the ejectment suit in July, 1881, he, Crispen, was still in possession of all the land into which he had been put under the execution which issued on the judgment obtained by him in 1875, which judgment was afterwards reversed by this court in 1880. At the close of plaintiff's evidence the record shows that he waived any claim for damages as against the defendants for the time they occupied the land after their father's death up to the time of the trial. The court found for plaintiff, except as to five acres off the west end of the land, and gave judgment against the administrator of Bernard Hannovan, deceased, the ancestor of defendants, for five hundred dollars damages, and ascertained the monthly rental value of the additional six acres recovered in this suit to be one dollar.

The chief error assigned by defendants, on their appeal from this judgment, is the alleged error of the court in giving and refusing instructions. The defendants asked three instructions, two of which were to the effect that if plaintiff recovered judgment, in 1875, for the possession of all the land in suit, except eleven acres off the west side thereof, and was put in possession under said judgment, which was subsequently reversed by this court,

which issued its mandate to restore to defendants all things lost by said judgment, and that defendants had not been restored to the possession, but that plaintiff was still in possession, the finding should be for defendants.

The third instruction was to the effect that if the land in controversy was military bounty land, and that defendants, and those under whom they claim, had been in the actual, open, and adverse possession of eleven acres off the west side of said land for more than two years prior to the judgment of the Supreme Court, rendered in this cause, reversing the former judgment and remanding the cause, that then the defendants have acquired title to said eleven acres by limitation.

These instructions were refused. The first two were rightfully refused, if upon no other grounds than that if plaintiff had a right to the possession of the land in controversy at the time the action was commenced, and defendants, or those under whom they claim, were at that time in possession, it is sufficient to authorize a recovery. R. S., sec. 2247. Besides this, sections 2256 and 2257, Revised Statutes, indicate that a judgment in ejectment may be for possession and damages, or for damages and costs only, and by section 2253 it is provided that when the right of plaintiff to possession expires after the commencement of the action, the plaintiff is entitled to damages and costs. These two instructions were also properly refused under the following authorities, which establish the proposition that, though a plaintiff may come into the possession of the land after his ejectment has been commenced, and during its pendency, he is nevertheless entitled to costs and mesne profits ; *Price v. Sanderson*, 3 Harrison (N. J.) 426 ; *McChesney v. Wainwright*, 5 Hammond (Ohio) 452 ; *Venner v. Underwood*, 1 Root (Conn.) 73.

The third instruction was also properly refused. The judgment rendered in 1875, which was reversed on defendants' appeal, was an entirety, and the only effect

of such reversal was to "restore the parties to the same condition in which they were prior to the rendition of the judgment. The judgment reversed becomes mere waste paper, and the parties to it are allowed to proceed in the court below to obtain a final determination of their rights in the same manner and to the same extent as if the cause had never been heard or decided by any court. Neither, in the subsequent prosecution of the cause, can suffer detriment nor receive assistance from the former adjudication." Freeman on Judgments, sec. 481.

It is further insisted that the judgment is erroneous in this, that Mary McKinney, one of the defendants, who was joined with her husband as a party, and against whom it was rendered, was a married woman. While this is an error, it is not such an one as necessarily leads to a reversal of the judgment, inasmuch as, under the rulings of this court, in the cases of *Cooper v. Ord*, 60 Mo. 430, and *Bledsoe v. Simms*, 53 Mo. 305, she was not a necessary party, and inasmuch as it has been held in the cases of *Weil v. Simmons*, 66 Mo. 619, and *Cruchon v. Brown*, 57 Mo. 39, that this court may, and will, in furtherance of justice, correct the error by modifying the judgment and striking out the name of such party. In view of the length of time this litigation has lasted we do not believe the purposes of justice would be subserved by reversing the judgment and remanding the cause for the error above indicated, and we will modify it by striking out therefrom the name of Mary McKinney and affirm the judgment so modified, and, inasmuch as defendants were driven to an appeal to correct this error, the costs of the appeal are hereby adjudged against the plaintiff.

In case number 1465, the judgment of the circuit court, awarding execution for restitution of part of the premises to defendants, and for nine hundred and fifty dollars damages, will be reversed for the reason that there was no evidence before the court upon

which to base the finding in respect to the damages, and for the further reason that in the trial of the ejectment suit, no claim for damages was made, and none were allowed against defendants for the time plaintiff had possession of part of the land under the reversed judgment. The judgment in said case number 1465 will be reversed and cause remanded with directions to the circuit court to enter up judgment against plaintiff only for such cost and damages as an investigation may show defendants actually paid on the execution which issued on the said judgment rendered in 1875, and which have not been paid by plaintiff Crispen. All concur, except Judge Ray, who did not sit in the case.