ANGELICA HEMELREICH ET AL., Plaintiffs in Error, v. C. C. D. CARLOS, Defendant in Error.

Kansas City Court of Appeals, January 10, 1887.

1. MARRIED WOMAN—PERSONAL PROPERTY IN POSSESSION OF—PRE-SUMPTION AS TO OWNERSHIP.—Where personal property is found in the possession of a married woman, the presumption of law is that her possession is that of the husband. The burden rests on her to show by evidence, against the presumption which the law makes that the property belongs to the husband, that she, in fact, is the sole and separate owner.

2. PRACTICE—PROVINCE OF JURY AND OF THE COURT—JURY SOLE JUDGES AS TO WEIGHT OF EVIDENCE.—With respect to the questions of law the jury must not respond, but only the judge; so, or in like manner, or under like restrictions, the judge must not respond to questions of fact, but only the jury. The jury are the sole judges of the *weight of the evidence*, and the credibility of the witnesses, and the court has no power to coerce the triers of the facts to credit any witness. But where the court is satisfied that the jury has been swayed by undue passion or prejudice, or acted in disregard of the instructions of the court, or against the plainest dictates of truth and justice, it may direct a *venire de novo*. There

its province ends. And where the witness is a party in interest the fact of such interest remains a proper subject for the consideration of the jury in estimating the value to be attached to such testimony.

3. ——— ABSTRACT OF THE RECORD—RULE CONCERNING FINDING OF FACTS.—This court will not go to the transcript except in instances where counsel disagree as to a given point. Neither will this court interfere with the province of the trial court on its conclusion as to the facts.

4. ——— SPECIAL JUDGE—OBJECTIONS AS TO QUALIFICATIONS—WHEN AND HOW MADE.—Where objection is made for the first time in this court that the special judge did not take the prescribed statutory oath ; and the abstract of the record contains nothing bearing upon the fact ; and no such question was raised in the lower court, either in the motion for new trial or in arrest ; and no such point is made in the brief furnished by the plaintiff to the opposite counsel, the objection comes too late, and must be disregarded.

5. ——— JUDGMENT IN PERSONAM AGAINST A MARRIED WOMAN—HOW MODIFIED IN APPELLATE COURT.—A judgment *in personam* cannot be rendered against a *feme covert*, and is a nullity, and though against others *sui juris* is an entirety, and if reversed as to one must be as to all. And under the act of 1883 (Laws of Mo., 1883, p. 113), the words "with the same force and effect," etc., (as to actions by her without joining her husband,) were merely intended to declare that she should have and enjoy, in the maintenance of her action, the same rights and powers of a person *sui juris*, but limits *her* liability to the mere costs. But the judgment may be modified by the appellate court by striking out her name, and the like, and affirming the judgment as to the others, or by giving such judgment as the court ought to have given, as to the court shall seem agreeable to law. Rev. Stat., sect. 3776.

ERROR to Cooper Circuit Court, HON. T. M. RICE, Special Judge.

*Reversed and judgment entered here conformably to the statute.*

The case is stated in the opinion.

W. W. S. SNODDY, for the plaintiff in error.

I. The court erred in rendering a *personal* judgment against plaintiff (who is a married woman), and her sureties jointly. The judgment is an entirety and

is a nullity, and must be reversed as to all. *Holten v. Power*, 81 Mo. 360; *Holt Co. v. Harmon*, 59 Mo. 165 ; *Decker v. Silver*, 3 Mo. App. 586. The act of 1883 only extends her liability to costs. Laws of Mo., 1883, p. 113; *Caldwell v. Stephens*, 57 Mo. 589 ; *Ins. Co. Case*, 71 Mo. 465; *Asbury v. Odell*, 83 Mo. 264. And this court has no power to strike out her name and permit the judgment to stand as to the others. *Dailey v. Houston*, 58 Mo. 361 ; *Hollen v. Tower*, 81 Mo. 360 ; *Gamble v. Gibson*, 83 Mo. 291.

II. When plaintiff proved that she was in possession of the property when it was levied on, the burden was on defendant to show that the possession was fraudulent, and that plaintiff was not the owner of the property. Hill on Torts, 62 ; *Martin v. Ray*, 1 Black, 291 ; *Smith v. Lydick*, 42 Mo. 209 ; *Bernecke v. Miller*, 44 Mo. 514. Fraud will not be presumed. *Rumbold v. Pair*, 57 Mo. 592 ; *Ames v. Gilmore*, 59 Mo. 537 ; Bump on Fraud. Conveyances, 562. Mere suspicion is not sufficient. *Parkhurst v. McGraw*, 24 Miss. 134 ; *Waddingham v. Loker*, 44 Mo. 132 ; *King v. Moon*, 42 Mo. 551.

III. The finding and judgment of the court were against the evidence and against the weight of evidence. *All the evidence was in favor of the plaintiff. There was no conflict. The verdict must have been set aside.* *Scott v. Brockway*, 7 Mo. 61 ; *Robbins v. Ins. Co.*, 12 Mo. 387 ; *Allen v. Garesché*, 13 Mo. 308. The judgment must be reversed because of error in refusing new trial. *Clemens v. Laveille*, 4 Mo. 80 ; *Bybee v. Kinoto*, 6 Mo. 53 ; *Tucker v. Railroad*, 54 Mo. 177. It is only when the facts are disputed, that the losing one is concluded by the verdict. *Gambs v. Ins. Co.*, 50 Mo. 44 ; *Maher v. Railroad*, 64 Mo. 267.

IV. The plaintiff held the title to her property here in accordance with our laws, and neither marriage in Missouri to a resident of Iowa, nor a removal there with

her husband could change her property rights. *Reddick v. Walsh*, 15 Mo. 529.

V. The court erred in giving the instructions asked by defendant, as not supported by the evidence. *Franz v. Hilderbrand*, 45 Mo. 141 ; *Ewing v. Goss*, 41 Mo. 492 ; *Camp v. Heelan*, 43 Mo. 591.

DRAFFEN & WILLIAMS, and W. P. JOHNSON & SON, for the defendant in error.

I. It devolved upon plaintiff to prove her case. The court below, sitting as a jury, was the sole judge of the weight of the evidence and the credibility of the witnesses. And this court will not interfere with the province of the jury. *State v. Lambert*, 21 Mo. App. 301 ; *Phillips v. Schall*, 21 Mo. App. 38. Where the questions of fact are submitted to the trial court, sitting as a jury, the same rule prevails. *Hurlbut v. Jenkins*, 22 Mo. App. 572 ; *Weise v. Moore*, 22 Mo. App. 530.

II. No question is made in this court as to the correctness of the declarations of law given for defendant. No error during the trial is alleged as ground for reversal. The only question made is upon the evidence. This court will not *weigh* evidence. *Greffett v. Dowdall*, 17 Mo. App. 280; *McGinness v. Mitchell*, 21 Mo. App. 493 ; *Filley v. McHenry*, 84 Mo. 277; *Miller v. Breneke*, 83 Mo. 163.

III. The act of 1883 (Laws Mo. p. 113) expressly authorizes a judgment *for costs* against a married woman. In any event a judgment against her is not reversible error. This court can amend by striking out her name. *Crispen v. Hannovan*, 86 Mo. 160 ; *Snell v. Harrison*, 83 Mo. 651 ; *Weil v. Simmons*, 66 Mo. 617; *Mansfield v. Allen*, 85 Mo. 502 ; *Purdy v. Garrett*, 19 Mo. App. 191. Or by modifying the judgment, and reversing it as to one and affirming it as to the others. *Mansfield v. Allen*, 85 Mo. 502. And the same principle was applied, even in a criminal case, in *State v. Stair*.

W. W. S. Snoddy, in reply.

I.   The abstract of the record by defendant is not fair nor accurate.

II.   The cases cited as to the character of the judgment rendered have no application to this case.   All decisions prior to *Holten v. Towner* (81 Mo. 360), are overruled by it.   Those rendered subsequently are not relevant.

III.   Plaintiff *does* question the instructions given for defendant, and their application to the case.   They *assumed* facts not in evidence and are misleading.

IV.   When it is conceded that plaintiff was in possession of the goods, asserting title, the burden is on defendant, especially when fraud is alleged, to prove by a *preponderance of evidence* all his material allegations.

Draffen & Williams, and Johnson & Son, in further reply.

I.   The objection as to abstract of record is not warranted.   That as to the qualification of the special judge comes too late.   *Carter v. Prior*, 78 Mo. 222; *Grant v. Holmes*, 75 Mo. 109.

II.   There was no error in the *trial;* nor in the *finding* of the court.   Hence there can be no ground for a new trial.   If the court erred as to the judgment given, this court must give "such judgment as the circuit court ought to have given."   Rev. Stat., sect. 3776; *Hunt v. Railroad*, 1 West. Rep. 203.

Philips, P. J.—This is an action of replevin, instituted in the Moniteau circuit court, and tried on change of venue in the Cooper circuit court, before Hon. T. M. Rice, sitting as special judge.   The action is for the recovery of a stock of goods, merchandise, etc.   Petition in the usual form.   The answer tendered the general issue, and pleaded that the defendant, as sheriff of Moniteau county, under a writ of execution issued on a

judgment from the circuit court of said county in favor of ———, against Morris Hemelreich, had seized said goods as the property of said defendant in execution. It then alleged property in said Morris, and charged that the claim of plaintiff thereto was fraudulent against the creditors of said Morris, and especially as against the plaintiff in said execution. The reply tendered the general issue.

The cause was submitted for trial before the court sitting as a jury. The court found the issues for defendant, finding the property to be of the value of two thousand dollars, assessing the damages at one cent, and rendering judgment against plaintiff and her securities for the return of the property, or that they pay the sum of eleven hundred dollars, the amount of the delivery bond, at the election of defendant, with costs. To reverse this judgment the plaintiff prosecutes this writ of error.

I. As we discover no valid objection to the declarations of law given by the court at the instance of the defendant—the plaintiff having asked no declarations—the only question, as to the verdict, is, was there any evidence to support it? Counsel for plaintiff is in error in assuming that, as the plaintiff was found in possession of the goods at the time of the seizure under the execution, the law will presume the plaintiff was *prima facie* the owner, and the burden rested upon the defendant to overcome, by affirmative proof, this presumption. This may be conceded to be the general rule as between parties *sui juris*. But the record in this case shows that the plaintiff was and is a married woman, the wife of said Morris Hemelreich, the defendant in said execution. It has been expressly held by this court that, as to a *feme covert* found in possession of personal property, the presumption of law is that her possession is that of the husband. *McFerran v. Kinney*, 22 Mo. App. 555. This view is also sustained by the Supreme Court in *Weil v. Simmons* (66 Mo. 619–620).

The burden, therefore, rested on the plaintiff to show by evidence, to the satisfaction of the jury, against the presumption which the law makes that this property belonged to the husband, that she in fact was the sole and separate owner.

The plaintiff undertook by her own testimony, unsupported, to overcome this *prima facie* case against her claim. The case is argued here as if her statements, as witness in her own behalf, imported absolute verity, and that the trier of the facts had no right to disregard them. The law in its progress has not, and should not, enlarge upon the wise observation of Lord Coke, that "with respect to the questions of law the jury must not respond, but only the judge; so, or in like manner, or under like restrictions, the judge must not respond to questions of fact, but only the jury." Responsive to this fundamental idea in our jurisprudence, it is axiomatic, in practice, that the jury are the sole judges of the weight of the evidence and the credibility of the witnesses; and the court has no power to coerce the triers of the facts to credit any witness. *Gregory v. Chambers*, 78 Mo. 294; *Cannon v. Moore*, 17 Mo. App. 102.

Where the court is satisfied that the jury has been swayed by undue passion or prejudice, or acted in disregard of the instructions of the court, or against the plainest dictates of truth and justice, it may direct a *venire de novo*. There its province ends.

The common law, which rested so long on the wisdom and experience of English and American law givers, absolutely disqualified a party to the action as a witness in his own behalf. It went upon the law of human nature, that self-interest, as a rule, was too strong for the dominion of unmixed truth. And while our statute now renders such party a competent witness, the fact of such interest remains a proper subject for the consideration of the jury in estimating the value to be attached to such testimony.

In order to protect, as far as the rules of law will

permit, the rights of this plaintiff, we have examined with much patience and care the testimony, as furnished us by the abstracts herein. If there is any important fact not seen by us in this transcript it is the fault of the plaintiff's attorney, who has not complied with the rule of this court in furnishing a complete abstract of the evidence. He has made merely statements of his conclusions of the evidence, rather than the whole evidence, or excerpts from the record. We will not go to the transcript only in instances where counsel disagree as to a given point.

While plaintiff's testimony, in its sweeping statements, might well have warranted the trial judge in finding the issues for her, we feel compelled to say, that in its minor details and particularization, by which the cross-examiner sifts out of the bulk of the story in chief, the pure grains of truth, there appear strong circumstances of internal improbability. It is somewhat contradictory in essentials, inconsistent with the experience and observation of men in the business affairs of life; as well as at variance with some important facts deposed to by other witnesses. They are such discrepancies, and improbabilities as to discredit her more general statements, and serve to point out to the eye of the experienced judge in such investigations the tortuous tracks that lead unmistakably to the door of fraud and concealment. We can see no good end, either to her, or the public, to be subserved by a detailed discussion of these facts. They are of such a character as to preclude us, by the well established practice of the appellate courts, from interfering with the province of the trial court on its conclusion as to the facts.

II. It is urged, for the first time, in the reply of plaintiff's counsel to defendant's brief, that the special judge did not take the statutory prescribed oath. This objection comes too late. In the first place no part of the record is furnished us in the abstract of plaintiff bearing upon this fact. No such question was raised in

the lower court, either in the motion for new trial or in arrest. No such point is made in the brief furnished by the plaintiff to the opposite counsel. The objection comes too late, and must be disregarded. *Carter v. Prior et al.*, 78 Mo. 222.

III. It is also assigned for error that the judgment of the circuit court cannot stand, for the reason that it was rendered for a money judgment against the plaintiff, a married woman. The record discloses this to be the fact. There is no question of the common law rule that a judgment *in personam* cannot be rendered against a *feme covert*. It is a nullity. This judgment, though against others *sui juris* is an entirety, and if reversed as to one must be as to all.

It is insisted, however, by defendant in error that under the act of 1883 (Laws Mo., 1883, p. 113), this rule of the common law is so far modified as to authorize such judgment where the *feme covert* in the action of replevin asserts title to personal property as of her separate estate. By this act a married woman is empowered to bring and maintain such action without joining her husband as a party, "with the same force and effect as if such married woman was a *feme sole*."

It is on the words quoted that defendant's counsel base their contention. The so-called "Married Woman's Act" was first enacted in 1875, but without the above provision authorizing her to prosecute such action without joining her husband, and without the words "with the same force and effect as if such married woman was a *feme sole*." The purport of the act of 1875 has frequently been before the appellate courts for construction; and the ruling has been that it is not to be extended beyond the letter and apparent object of the statute. *McCoy v. Hyatt*, 80 Mo. 130; *Kimball v. Silvers*, 22 Mo. App. 520, 529.

The discussion and holding in *Easton v. Courtwright* (84 Mo. 27), indicates forcibly the rule that statutes innovating upon well established common law

principles are to be restricted to the limits of the precise extent to which the language of the statute goes, and no further. The manifest object and scope of the married woman's act was to enlarge her rights and privileges in the acquisition of separate personal property, and the mode of protecting it in the courts. It does not purport to give any additional remedies against her as to such property, or to subject her personally to any incidents not recognized by the common law, except as hereinafter mentioned.

Under the act of 1875 the husband would have been a necessary party to this action. By the amendatory act of 1883, she being authorized to prosecute without joining her husband, it is manifest to my mind that the words: "With the same force and effect," etc., were merely intended to declare that she should have and enjoy in the maintenance of her action the same rights and powers of a person *sui juris.*

The proviso following the words, "With the same force and effect," etc., leaves no doubt of the above construction: "Provided, any judgment for costs in any such proceeding, rendered against any such married woman, may be satisfied out of any separate property of such married woman subject to execution." Inasmuch as the legislature was authorizing a married woman to prosecute the action without joining the husband, and under the common law, in the event of her failure to make good her claim, there could be no judgment rendered against her even for costs, the above proviso was added. So it clearly appears that in passing this act the legislature had in their mind the subject matter of a personal judgment against a *feme covert*, and as they limited the liability to the mere costs, declaring how they should be collected, the conclusion seems irresistible that the legislature declined to make further innovation in this direction upon the common law rule. *Expressio unius exclusio alterius.*

VOL. xxiv—18

Why particularize as to the costs, if, as contended by counsel, the words, "With the same effect," etc., authorize a general judgment against the *feme covert*, *in personam?* Under the provisions of the general practice act the costs would follow as an incident the general judgment.

It follows that the judgment of the circuit court is bad, and unless the defect can be cured in this court the case must be reversed for further proceeding.

It has been repeatedly held by the Supreme Court that where the wife was not a necessary party, or where a judgment had been taken against her *in personam*, instead of the husband alone, the judgment may be modified by the appellate court by striking out her name, and the like, and affirming the judgment as to the others. *Weil v. Simmons*, 66 Mo. 617; *Cruchon v. Brown*, 57 Mo. 38; *Snell v. Harrison*, 83 Mo. 651; *Crispen v. Hannovan*, 86 Mo. 160; *Mueller v. Kaessman*, 84 Mo. 318; *Mansfield v. Allen*, 85 Mo. 502.

But here the wife is the sole party to the action, and her name could not well be stricken from the action, or the judgment. The case, however, is one where the statute authorizes a given judgment to be entered against her, and the error lies in the court, after verdict, going beyond the statutory judgment. If this error is remediable in this court, it is by virtue of Revised Statutes, section 3776, which declares:

"The Supreme Court, in appeals or writs of error, shall examine the record and award a new trial, reverse or affirm the judgment or decree of the circuit court, or *give such judgment as such court ought to have given*, as to the court shall seem agreeable to law."

This we think is a most appropriate instance for the application of this section. *Harris v. Hays*, 53 Mo. 96; *Jackson v. Hardin*, 83 Mo. 187.

The judgment the circuit court should have rendered against the plaintiff was for restitution of the property, and for costs, and, as against the securities on the

delivery bond, for the restitution of the property, or its value to the extent of the bond, and the damages for the taking and detention, and costs, not exceeding, of course, the amount of the bond.

The judgment of the circuit court is, therefore, reversed, and the proper judgment will be entered up here conformably to the statute, and the record remitted to the circuit court to carry into execution this judgment. The costs of this appeal are taxed against the defendant in error, defendant below. It is so ordered. All concur.