THE STATE *ex rel.* OZARK COUNTY, *Appellant*, v. TATE *et al.*

DIVISION ONE.

1. **Practice:** SETTING ASIDE JUDGMENT. In Missouri a motion will lie to set aside a judgment for irregularity in the same court within three years from its rendition.

2. ———: ———: CONTRACTS. Where a judgment was rendered on a bond against several obligors, one of whom was dead when the suit was brought, the other judgment defendants cannot, at a subsequent term, have the judgment set aside, on that account, as to themselves.

3. **Judgment.** The entirety of a judgment in Missouri discussed, and the adjudications thereon reviewed.

4. ———: PRACTICE. A judgment cannot be vacated on motion at a later term, because the petition on which it is founded does not state facts sufficient, etc. Such defect is not an irregularity within the statute regulating such motions.

5. ———: ———. Under the Missouri statute of jeofails a court may, on motion, in affirmance of a judgment, strike out therefrom the name of a party against whom it was irregularly entered at a prior term.

*Appeal from Ozark Circuit Court.*—HON. J. F. HALE, Judge.

REVERSED AND REMANDED.

*Monks & Williams* for appellant.

The judgment in this case was not void nor voidable, and should not have been set aside, for the following reasons: (1) Because such judgment may at any time be amended under the statute of jeofails. (2) Because a judgment in a suit commenced and prosecuted against a dead man who is joined with living defendants is void as to him; but such judgment, however, on that account is not void as to living defendants who were joined with him in the action. (3) Because this case is one in which the defendants are severally liable, and a judgment void as to one is not void as to all in such cases.

*Evans & Love* for respondents.

BARCLAY, J.—The relator, for whose use and benefit this action runs, is Ozark county. The cause is based upon the official bond of an ex-collector, and alleged breaches thereof.

Touching such proceedings it is declared by section 882 (R. S. 1889) that "every suit brought upon such official bond, to the use of the party aggrieved, and every judgment thereon shall be deemed the private suit and judgment of the relator, in the same manner, in every respect, as if he were the nominal plaintiff, and such relator shall be liable for costs, as other plaintiffs." (Same as sec. 583 of 1879.)

The county is the real party in interest as plaintiff, and that fact brings the present appeal within the revisory jurisdiction of this court. Const. 1875, art. 6, sec. 12.

II. The matter presented for review concerns the correctness of the rulings on the circuit upon two motions, filed some years after the first judgment.

These motions were, by consent, heard together, and the following facts developed:

In 1887, plaintiff recovered judgment against defendant Tate, the ex-collector, and the other defendants as sureties upon his official bond. This judgment was reached in due course upon pleadings in ordinary form, and findings by a referee to whom the issues were sent for trial by agreement of the parties.

No motion for new trial was made by defendants, and the term of the judgment lapsed without any steps toward reviewing it.

At the April term, 1889, one of the motions now under consideration was filed by defendants, by which they seek to set aside the judgment mentioned, for the reasons: *First*, that one of the defendants, J. J. Piland, named therein, was dead at the time the action was instituted; and, *second*, that the plaintiff's petition therein is insufficient.

Thereupon the plaintiff, next day, made a motion to amend the judgment record, by striking out the name of J. J. Piland, for that he had never been served with process in the cause, being dead, and that the entry of his name was a misprision of the clerk.

It further appeared, at the hearing of these motions, that, in the sheriff's return to the summons, no mention is made of service on J. J. Piland, but he is therein stated to be "not living." Plaintiff concedes that he was dead during the proceedings, as claimed by defendants.

On this showing of facts, the trial court denied plaintiff's motion to amend the judgment, and sustained the defendants' motion to vacate it entirely.

The plaintiff excepted to these rulings, and, after unsuccessful motions to correct them and preserving its points for review in due form, appealed to the St.

Louis court of appeals. That court transferred the cause to the supreme court for the reason already noted.

We will first review defendant's motion to set aside the judgment. It is evidently predicated on the section which sanctions motions to set aside judgments for irregularity, if "made within three years after the term at which such judgment was rendered." R. S. 1889, sec. 2235, same as R. S. 1879, sec. 3727.

The motion was not brought on by legal representatives of the deceased, in the interest of his estate, but by his codefendants, evidently on the theory that the judgment is an entirety, and, being irregular as to the dead, must be vacated as to the living defendants named in it.

The action is an ordinary one to enforce the obligation of a contract, joint and several, under our statutes. R. S. 1889, secs. 2384–2387. Plaintiff saw fit to bring all the defendants into one action, as it plainly had the right to do (R. S. 1889, sec. 1995), and obtained judgment accordingly, which might lawfully be enforced in full against any one of the defendants alone, leaving him to assert his equity to contribution against his co-obligees.

The judgment was irregular, to say the least, as against J. J. Piland, the deceased. He was not served with process, and was reported "not living" by the sheriff (though the effect of that part of the return we do not now discuss).

But was the judgment on this account irregular as against the other defendants, properly before the court? We think not.

If there is any useful vitality in the code provisions touching this subject, such irregularity furnishes no good reason to annul the judgment against the live defendants. Was it more than a mere defect in form

as to them? R. S. 1889, secs. 2101, 2117. Did it effect their substantial rights upon the merits? R. S. 1889, sec. 2100. Surely not. The only basis for contending that it did rests on the supposed entirety of every judgment at law. There are numerous remarks scattered through our reported cases to the effect that such a judgment is an entirety and must stand or fall compactly as to all parties defendant to it; and some decisions rest squarely upon that proposition (*Smith's Adm'r v. Rollins* (1857), 25 Mo. 408; *Hoskinson v. Adkins* (1883), 77 Mo. 537; *Ins. Co. v. Clover* (1865), 36 Mo. 392; *Pomeroy v. Betts* (1862), 31 Mo. 419); but there are also many final rulings inconsistent with that theory, so broadly stated.

It has been frequently held that, in a collateral proceeding, the fact that such a judgment is void as to one defendant does not, of itself, necessarily, vitiate it as to others. *Lenox v. Clarke* (1873), 52 Mo. 115; *Wernecke v. Wood* (1874), 58 Mo. 352; *Holton v. Towner* (1884), 81 Mo. 360; *Williams v. Hudson* (1887), 93 Mo. 524. And in many cases, where judgments at law have been questioned on appeal or error, the results announced are not in harmony with the theory of entirety.

Thus in *Crispen v. Hannovan* (1885), 86 Mo. 160, though it is stated, in a general way, that a judgment is an entirety, the conclusion reached by this court, striking out the name of a party, erroneously joined as defendant in the circuit court's judgment, and then affirming the latter, shows a practical abandonment of the theory.

The same action had been taken by this court previously in *Cruchon v. Brown* (1874), 57 Mo. 38, and *Weil v. Simmons* (1877), 66 Mo. 617, both cases at law.

In the very recent case of *Kleiber v. Railroad*

(1891), 107 Mo. 240, an action for damages for personal injuries, wherein there was a judgment against both defendants on the circuit, this court *in banc*, on appeal, affirmed the judgment as to one defendant, and reversed it as to the other.

A similar practice has been followed in other instances. *Westcott v. Bridewell* (1867), 40 Mo. 146; *Hunt v. Railroad* (1886), 89 Mo. 607; *LaRiviere v. LaRiviere* (1888), 97 Mo. 80; *Rude v. Mitchell* (1888), 97 Mo. 365.

We apprehend that the more recent rulings on this point give better expression to the principles that animate our code of procedure. We believe the latter intended to assimilate the treatment of judgments at law (when practicable), in the particular under consideration, to that which has always been conceded to apply to decrees in equity upon appeal. *Dickerson v. Chrisman* (1859), 28 Mo. 141.

There may possibly be judgments, which, owing to the peculiar nature of the proceedings wherein they occur, require to be treated as entireties. We are not now called upon to decide as to that, and it is better to avoid generalizing unnecessarily.

Keeping in view the case before us, we hold that the liability of defendants in a judgment for the payment of money, originating in a joint and several contract, is several in nature, and that an irregularity in its rendition, as against one defendant, furnishes no sufficient reason to vacate the judgment, regularly rendered as to the other parties defendant therein.

III. Another ground of defendant's motion to vacate is that the petition in the case does not state facts sufficient, etc. If that point is well taken, it would indicate judicial error in the judgment, but it would not justify setting it aside as irregular upon such a motion as this. An erroneous judgment, regularly

reached in accordance with established rules of procedure, cannot be reversed by such a motion interposed after the lapse of the term at which it was pronounced. *Peake v. Redd* (1851), 14 Mo. 79; *Bank v. Moss* (1848), 6 How. 31.

We conclude that all the reasons, assigned in defendant's motion, are insufficient, and that it should have been overruled.

IV. The plaintiff's motion to amend the judgment, by striking out the name of J. J. Piland therein, is next to be considered.

Because of the facts already mentioned the court should not have included J. J. Piland among the defendants in the original judgment. The latter was merely null as to him, though good as to the other defendants; and, while the irregularity might have been simply ignored, it was, nevertheless, competent for anyone interested, having a standing in the litigation, to invoke the court's aid to correct it, by striking out the name from the judgment. In contemplation of law it was as if never entered there, and to strike it out was to do nothing more than shape the form of the record to conform to the legal truth.

Under our statute of amendments, this might properly be done (in affirmance of the true judgment), by the trial court or by any appellate court which the cause might reach in due course. R. S. 1889, sec. 2101, same as R. S. 1879, sec. 3570. The authority conferred by the section cited has often been exercised by this court, and is an important feature of the present code of civil procedure. Its utility and justice have been recognized in prior decisions and need not be enlarged upon at this time. *Weil v. Simmons* (1877), reviewed in 8 Cent. Law Jour. 340; *Crispen v. Hannovan* (1885), 86 Mo. 160.

The plaintiff's motion to amend should have been sustained.

The final orders of the trial court, relating to both the motions, are reversed with directions to overrule defendant's motion to vacate the judgment, and to sustain plaintiff's motion to amend it, as indicated. All the judges of this division concur.