ROBERT HUNTER, an Insane Person, by HENRY F. ROSE, his Guardian, Appellant, v. KANSAS CITY SAFE DEPOSIT AND SAVINGS BANK et al.

### Division One, November 12, 1900.

1. **Practice:** PARTIES TO ACTION: AMENDMENT OF PLEADINGS: CASE STATED. Defendant, as assignee of the holders of special tax bills issued for the cost of paving a street, against property abutting on said street and owned by an insane person, brought suit on the tax bills against "Henry F. Rose, guardian of Robert Hunter." The said guardian appeared and answered, entitling his answer the same as the petition, and judgment was rendered, special executions were issued on said judgment, and the real estate therein described was advertised for sale. Thereupon the above named guardian instituted proceedings to enjoin the enforcement of the judgment on the ground that Hunter, the insane person and owner of the property, was not made a party defendant. At the trial of the injunction it appeared that the former case had been tried in every respect as a suit against Hunter with the single exception of the title, and the court therefore permitted the defendant in the injunction case to amend its petition in the tax suit by adding the name of Robert Hunter, as a defendant in the title of the cause, and refused to enjoin the collection of the special tax judgment. *Held*, proper, and as in harmony with the spirit of the law which prefers substance to mere form. And in support of this power to amend the judgment of a former term of the court, without a direct proceeding for that purpose, section 2101, Revised Statutes 1889, which provides that after final judgment rendered in any cause, the court may, in furtherance of justice, amend any pleading by adding or striking out the name of a party, is quoted.

2. ———: ———: GUARDIAN OF INSANE PERSON: SERVICE OF PROCESS. Service of process upon the legally appointed, qualified and acting guardian of an insane person, as such guardian, is sufficient to authorize the rendition of a judgment against the property of such insane person.

3. ———: ———: ———: CHARTER REQUIREMENT: OBJECT OF. The object of a municipal charter provision requiring the owner of the land to be made defendant in a suit to subject his land to the payment of a tax bill, is, that he may have an opportunity of appearing

for the protection of his interest. This privilege can only be beneficially secured to an insane owner by affording that opportunity to his guardian, and it is as fully secured by service on his guardian as if the insane owner had been named as defendant in the caption of the petition.

Appeal from Jackson Circuit Court.—*Hon. Edward L. Scarritt*, Judge.

AFFIRMED.

*G. F. Ballingal* for appellant.

*Ashley, Gilbert & Dunn* for respondents.

BRACE, P. J.—This is a suit in equity against said bank, its assignee, and the sheriff of Jackson county, to enjoin the enforcement of a judgment of the circuit court of Jackson county, rendered at the April term, 1895, of said court in favor of said bank on two special tax bills, each for the sum of $740.35, issued by Kansas City under the provisions of its charter and ordinances passed in pursuance thereof, for work done and materials furnished for the paving of Grand Avenue in said city. The petition in the suit in which the judgment was rendered, counted on each tax bill separately, and a separate judgment was rendered on each count, the one being a counterpart of the other, except as to the description of the real estate against which it was charged. The first count in that petition is as follows:

"In the Circuit Court of Jackson Co., State of Missouri.

At Kansas City, April Term, 1891.

"Kansas City Safe Deposit and Savings Bank,
  Plaintiff,

vs.

"Henry F. Rose, Guardian of Robert Hunter,
  Defendant.

"Now comes plaintiff and for its cause of action against defendant alleges: That plaintiff is a corporation created

and existing under and by virtue of the laws of the State of Missouri; that on August seventh, 1880, Robert Hunter was by the county court of Jackson county, Missouri, declared and adjudged a lunatic and incapable of managing and having the care of his own estate and property and that on the —— day of ——, defendant, Henry F. Rose, was by the probate court of Jackson county duly appointed guardian of the person and estate of said Robert Hunter; that he duly qualified as such guardian and has ever since and is now acting as such guardian. That Kansas City is and was at the times hereinafter mentioned, a municipal corporation, organized and existing under and by virtue of the laws of the State of Missouri. That by ordinance number 333, entitled 'An Ordinance to pave Grand Avenue from the north line of Twentieth street to the north line of Springfield avenue,' approved August 23, 1889, said city provided for the paving of Grand Avenue from the north line of Twentieth street to the north line of Springfield avenue, all within the limits of said city as the same then existed. That in accordance with said ordinance and the charter and ordinances of said city, the engineer thereof duly awarded the contract of said work to Ragan, Soper, Wells & Co., a firm composed of D. Soper, S. M. Wells, C. H. Wells and J. C. Ragan. That all of said work was done and the materials therefor furnished in full accordance with the terms and provisions of said contract, and was duly accepted by said city and approved. That said work had been duly petitioned for, and in said petition it was requested that said tax bills should be payable and collectible in instalments as provided by the charter of said city, and in said ordinance number 333, which ordinance provided for the doing of said work, it was provided that said work should be paid for by said tax bills, due and payable in instalments as provided for in said charter. That after the completion of said work, the said city engineer computed the whole cost thereof and appor-

tioned said cost among the several lots and parcels of land to be charged therewith; that after so apportioning and charging the cost of said work, the board of public works of said city made out and certified, in favor of said Ragan, Soper Wells & Company, special tax bills for the doing of said work and the furnishing of materials therefor, each of which bills is duly signed and certified to by the president of said board, and that the special tax bill hereto attached and numbered 111 is one of those so made out and certified, and was issued and delivered for the doing of said work, and is against and a lien upon the following described real estate in said Kansas City, Jackson county, Missouri, to-wit:   That part of lot three lying west of the west line of Grand avenue, Scarritt and Peery's subdivision of the east half of the southwest quarter section 8, township 49, range 33, which said property is owned or claimed by the above named Robert Hunter, and said real estate joins and fronts upon that portion of· Grand avenue on and along which said work was done as aforesaid, and is described in said tax bill; and that the amount of said tax bill is the correct and proportionate amount of the total cost of said work according to the frontage of said property; that said property has been and is charged by said tax bill with the sum of $740.38. That said tax bill was issued on the tenth day of January, 1890, and by the provisions of the charter of said city, the first instalment thereof was due sixty days from date; that notwithstanding said first instalment is and has long since been due, the same has been unpaid and the defendant has wholly failed, refused and neglected to pay the same, and all of said instalments and said tax bill is due and unpaid. That said tax bill has been duly assigned to the plaintiff by said Ragan, Soper, Wells & Company for value, and the plaintiff is now the legal owner and holder thereof.   That said tax bill contains a correct description of the land described aforesaid, the number, the title, the date of passage of said ordi-

nance, and recites that said work has been completed according to contract by said Ragan, Soper, Wells & Company, contractors, to whom said bill is issued in part payment thereof. That the sum of $740.38 has been duly assessed and apportioned against the said land, being the amount chargeable against said land as provided by law, for its proportion of the cost of said work, and is a lien against said land. That this tax bill is payable in four equal instalments of $185.09 1-2 each, on presentation of three instalment coupons thereto attached. That the fourth and last of said instalments is payable three years from the date of said bill on surrender and cancellation of the same. That this tax bill bears interest at the rate of seven per cent per annum from date until paid, the interest on each instalment being payable at the maturity of the instalment, and that if any instalment coupon be not paid when it becomes due, then all the remaining instalments and the accrued interest thereon shall immediately become due and collectible, and there is attached to and made a part of this tax bill, three coupon instalments, each of which is signed and certified to by the president of the board of public works of said city, and is dated January 10, 1890, each being for the sum of $185.-09 1-2 and payable as recited in said tax bill; the said tax bill is dated the tenth day of January, 1890. Wherefore plaintiff asks special judgment for the amount of said tax bill and interest at the rate of seven per cent per annum from its date, to be enforced against the property described aforesaid and for proper process to execute such judgment, and for all other and proper relief."

Upon this petition, summons was duly issued, directed to "Henry F. Rose, guardian of Robert Hunter," and served upon the within named defendant, Henry F. Rose, who appeared by attorney at the April term, 1891, of said court and filed answer to the petition, entitling his answer the same as the petition. Afterwards the cause coming on for

trial, judgment was rendered therein. That on the first count, omitting caption, being as follows:

"On this —— day of April, 1895, it being the —— day of the April term, the cause coming on regularly for trial, comes now plaintiff by its attorneys, and defendant though lawfully summoned comes not, wherefore the cause being taken up for trial, a jury is waived and the cause submitted to the court on the pleadings, evidence and arguments of counsel, and the court having carefully considered doth find that the allegations of plaintiff's petition are true. It is, therefore, considered by the court that the said plaintiff do recover on the first count of its said petition on the tax bill therein set forth, judgment in the sum of $1,014.18 together with its costs and charges in this behalf expended, to be levied out of the property of the said Robert Hunter, charged with the lien of said tax bill in said first count of plaintiff's petition set out, and described as follows, to-wit: The following land in Kansas City, Jackson county, Missouri: That part of lot 3, Scarritt and Peery's subdivision of the east half of the southeast quarter of section eight, township forty-nine, range thirty-three, lying west of the west line of Grand avenue."

Afterwards on the eleventh day of February, 1896, special executions were issued on said judgment and the real estate therein described advertised for sale. Thereupon the present suit was instituted, in which the proceedings aforesaid are set out in the petition, and the relief prayed for is asked, upon the ground that the said Robert Hunter was not therein made a party defendant. The suit culminated in the following proceedings and judgment to-wit:

"Now, on this day, this cause coming on regularly for trial by the court, comes now plaintiff by Ballingall & Williams, his attorneys, and defendant by Ashley & Gilbert, its attorneys, and the cause being submitted to the court on the pleadings, evidence, agreed facts and arguments of counsel,

it is considered, adjudged and decreed by the court, against the objections and exceptions of plaintiff herein made at the time, that the petition of the defendant herein heretofore filed in this court on March 27, 1891, in cause No. 10991, wherein defendant herein, the Kansas City Safe Deposit and Savings Bank, is plaintiff, and Henry F. Rose, guardian of Robert Hunter, is defendant, be and the same is hereby amended by adding the name of Robert Hunter as a defendant in the title or caption of the cause, to which action of the court, plaintiff herein duly excepted at the time, and that the temporary injunction heretofore issued in this cause be dissolved, and the perpetual injunction prayed for be denied, and plaintiff's bill be dismissed with costs."

From this judgment the plaintiff appeals.

(1) This suit upon the tax bills was an action against the land therein described under the Kansas City charter of 1889. As to such actions, by section 18, article 9, of the charter it is provided that, "All or any of the owners of the land charged, or of any interest or estate therein, may be made defendant in any suit, but only the right, title, interest and estate of the parties made defendants in any such suit shall be affected or bound thereby, or by the proceedings therein . . . . . . . It shall be sufficient for the plaintiff in any suit to plead the making and issue of the tax bill sued on, giving the date and contents thereof, and the assignment thereof, if any, and to allege that the party or parties made defendants own or claim to own the lands charged, or some estate or interest therein. . . . . . . . Every such special judgment shall, except as herein otherwise provided, bind all the right, title, interest and estate in the land that defendants and each of them own at the time that the lien of the tax bill commenced, or acquired afterwards, and a sale on execution thereon shall vest all such right, title, interest and estate in the purchaser; but parties interested in the land not made defendants shall not be affected thereby."

Robert Hunter was the owner of the land in question. He was insane, and Henry F. Rose was his legally appointed, qualified and acting guardian. Whether the said Hunter was made a defendant in the suit on the tax bills as required by these charter provisions, by the proceedings aforesaid, is the crucial question in the case; for unless he was so made a party defendant in that action, his interest in and title to the real estate in question was not bound by the judgment therein.

In this State suits may be instituted in a court of record by filing in the office of the clerk thereof a petition setting forth the plaintiff's cause of action, and suing out thereon a writ of summons against the person of the defendant. [R. S. 1889, sec. 2013.] The summons must be directed to the officer charged with the execution thereof, commanding him to summons the defendant to appear in court. Section 2017 is executed, "First, by reading the writ to the defendant and delivering to him a copy of the petition; or, second, by delivering to him a copy of the petition and writ; or, third, by leaving a copy of the petition and writ at his usual place of abode, with some person of his family over the age of fifteen years," and when so executed, the person so served is made a party defendant in the action. In order that this may be intelligently done the law requires that the petition shall contain "the title of the cause, specifying the term, the name of the court and county in which the action is brought, and the names of the parties to the action, plaintiffs and defendants." The only person thus named and served as defendant in the suit on the tax bill was "Henry F. Rose," but he was named and served as "Guardian of Robert Hunter," and by statute it is made the duty of the guardian of an insane person to take charge of his person and estate (R. S. 1889, sec. 5525, 5526), "to prosecute and defend all actions against his ward; to collect all debts due or becoming due to his ward, and give acquittances and dis-

charges therefor; and to adjust, settle and pay all demands due or becoming due from his ward, so far as his estate and effects will extend." [R. S. 1889, sec. 5530.] And it is also further provided that, "In all actions commenced against such insane person, the process shall be served upon his guardian; and on judgment against such insane person or his guardian, as such, the execution shall be against his property only." [R. S. 1889, sec. 5544.] So that, if Robert Hunter had been named as defendant in the title of the cause, the summons would have had to be served, as it was, upon his guardian Henry F. Rose, and thereafter the proceedings would have been identically the same as they were.

The object of the charter provisions requiring the owner of the land to be made defendant in a suit to subject his land to the payment of a tax bill, is, that he may have an opportunity to appear therein, and protect his interest. To an insane owner, this privilege can only be beneficially secured, by affording that opportunity to his guardian, whose duty it is and who is capable of protecting the interest of his insane ward. It was as fully and amply afforded in this instance as if the insane owner had been named as defendant in the caption of the petition. As was said by the learned trial judge:

"If his name appeared in the title of the cause as a defendant, then not one word of the entire proceedings need be changed or in any way modified in order to render them perfectly valid and enforcible. This being true, can it be said that the omission of the name of a proper defendant in the title of the cause, when all the material allegations of the petition, and all the subsequent proceedings show that he is the real defendant, and that he has been properly served and is in court, renders the judgment against him void? Suppose in this case there had been no mention of any defendant at all in the caption or title of the cause, and the allegations of the petition were as they are, and the guardian had been

served, and answered, and the subsequent proceedings were duly had, as shown by this record, would it be held that they did not or could not affect the interest of Hunter, simply because of such omission? . . . . . . .

"In the suit at bar the allegations of the petition show that the suit was against Robert Hunter, or more properly speaking, against his property; his guardian was duly served with process, including a copy of the petition, and his guardian answered. There is no claim that he was misled. The petition advised him of the property upon which a lien was sought to be enforced. He had it in charge as the property of his ward. He filed his answer in no other capacity than as guardian, which under the law was his duty. There is no claim that there was a shadow of a defense to the tax bills. The plaintiff stands upon the technical point that the real defendant's name was not mentioned as a defendant in the title of the cause.

"If there is even technical force in this point, it can be cured by amendment now. Our statute (sec. 2101, R. S. 1889) expressly provides that, 'After final judgment rendered in any cause, the court may in furtherance of justice, . . . . . . amend in affirmance of such judgment any . . . . pleading . . . . by adding or striking out the name of a party, . . . . . . . and such judgment shall not be reversed or annulled therefor.'

"The statute also requires that 'The court shall, in every stage of the action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect.' [Revised Statutes 1889, sec. 2100; Ozark Co. v. Tate, 109 Mo. 265; Bensieck v. Cook, 110 Mo. loc. cit. 182; Gregory v. McCormick, 120 Mo. loc. cit. 663; Weil v. Simmons, 66 Mo. loc. cit. 619; Cruchon v. Brown, 57 Mo. 38; Mueller v. Kaessmann, 84 Mo. loc. cit. 330; Crispen v. Hannovan, 86

Mo. loc. cit. 169; Lamb v. St. L. C. & W. Ry. Co., 33 Mo. App. loc. cit. 492; Revised Statutes 1889, secs. 2113-2114.]

"It is clear to my mind that it would be in 'furtherance of justice' to allow the amendment if necessary to be made now. No injustice is thereby done the defendant, as he has had his day in court through his guardian and representative; while on the other hand, should the contentions of defendant prevail, the plaintiff would be forever cut off from the enforcement of what appears to be a just and valid claim, as it is now too late to bring a new suit on his tax bills."

This reasoning commends itself to the judicial mind that prefers substance to mere form, and that would subordinate the letter to the spirit of the law if need be, to serve the ends of justice; and affords a sufficient basis upon which to rest an affirmance of the judgment of the circuit court, which is accordingly so ordered.

All concur.