# THE BARBER ASPHALT PAVING COMPANY, Appellant, v. ALEXANDER YOUNG et al., Defendants; MARY E. GAEBLER, Respondent.

### St. Louis Court of Appeals, April 29, 1902.

1. **Taxbill: SPECIAL SUIT ON: INTERVENER: MARRIED WOMAN: OBJECTIONS AS TO NECESSARY PARTY WAIVED, WHEN.** The fact that the husband of intervener (who furnished the money to buy the land involved) was not made a party; and whose name did not appear upon the face of the intervener's petition and which omission was not objected to by any pleading or otherwise at the trial, must be ruled as waived.

2. ——: ——: ——: **WIFE MAY SUE WITHOUT JOINING HER HUSBAND.** The objection that the husband was not made a party by his wife, intervener, in her petition, is without merit; as the legal title was in her, she had a right to sue in her own name to remove the lien created by the judgment.

3. ——: ——: **STIPULATION AS TO INTERVENER, NOT BINDING.** Intervener had no knowledge or information of the stipulation (which was made long after her purchase of the land), to abide the judgment in the Hezel case; and the judgment in this case adjudicating the lien of the taxbill invalid, having been acquiesced in, she was not bound by the stipulation.

4. ——: ——: **WRIT OF ERROR, OFFICE OF.** The suing out of a writ of error is the commencement of a new suit.

5. ——: ——: **JUDGMENT ON THE STIPULATION.** The judgment entered in pursuance of the stipulation as to the mortgagee defendants, was invalid because attorney Young had no authority to represent them, and was also void as to intervener.

Appeal from St. Louis City Circuit Court.—*Hon. Selden P. Spencer,* Judge.

AFFIRMED.

*Adiel Sherwood* for appellant.

(1) In this State, a writ of error always issues after final judgment in the trial court, and so at common law. Secs. 835, 837, R. S. 1899; Coke Litt., 288b. (2) A writ of error is a constitutional method of review, side by side with appeal. Secs. 12, 20, 27, art. 6, and amendment 1884, Constitution; Blunt v. Sheppard, 1 Mo. 219; Calloway v. State, 1 Mo. 211; English v. Mullanphy, 1 Mo. 780; Jim v. State, 3 Mo. 147. (3) A writ of error is not a cause of action or suit, but a writ which issues to review the final judgment of a trial court. Hinchman v. Rutan, 31 N. J. L. 499; Moore v. Cooley, 2 Hill 412. "A writ of error is a commission to judges of a superior court, by which they are authorized to examine the record upon which a judgment was given in an inferior court, and on such examination, to reverse or affirm the same, according to law." 3 Bacon Abr., 320. (4) And therefore differs from another writ of action. Jenk. Rep. 25 and 140; 2 Inst. (Ed. 1797), 39-40; Cohens v. Va., 6 Wheat. 264; Co. Litt. 288b; Cro. Ja., 160; Manning v. Montgomery, 1 Wash. 434; Garrison v. Cheeny, Ib. 489; Martin v. Stites, 11 Vesey 200; Duke v. Helms, 46 S. W. 761; Fitzsimmons v. Johnson, 17 S. W. 100; Clarke v. Mathewson, 12 Pet. 170; Nations v. Johnson, 24 How. 205; Stephen Pl. (3 Ed. Tyler), 40, 41, 141, 142, 143, 144, 162; Hinchman v. Rutan, 31 N. J. L. 499; 1 Roll Ab., 747, pl. 13; Wright v. Mutt, 1 Durn. and East. 388; s. c., I. T. R. Heyden v. Godsale, 2 Bulstrode 162; Overseers v. Beedle, 1 Barb. (N. Y.) 11; McDonald v. Bank, 2 How. Pr. (N. Y.) 35; Moore v. Cooley, 2 Hill (N. Y.) 412; Laidler v. Foster, 4 Barn. and Cress. 116; 2 Tidd's Pr. (3 Am. Ed.) 1134; Camden et al. v. Edie, 1 H. Black 21; 3 Story Const. (5 Ed.), secs. 1761, 1762; Works on Juris., sec. 85, p. 693; In re Chetwood, 165 U. S. 462. (5) "A writ of error is a commission; it is not an action." 1 Coke's Second Inst. (Ed.

1797), 39, 40; Heyden v. Godsole, 2 Bulstrode 162. (6) A writ of error is not a "suit," or "action," within the meaning of a statute providing that no suit commenced by or against certain officials should be abated, etc. Overseers v. Beedle, 1 Barb. (N. Y.) 11. (7) The writ of error does not dissolve or revoke the judgment of the court below. It simply suspends the enforcement of the judgment; and when a judgment is reversed or affirmed upon a writ of error or appeal by an appellate court, manifestly the judgment of the court below is affirmed or reversed, and if reversed the mandate is then transmitted to the lower court to enter a judgment in conformity with the ruling of the appellate court. Lewis v. Railroad, 59 Mo. 503; State ex rel. v. Dillon, 96 Mo. 56; Railroad v. Atkinson, 17 Mo. App. 484; State ex rel. v. Woodson, 128 Mo. 516; Story's Constitution (5 Ed.), sec. 1761; Matthewson v. Railroad, 44 Mo. App. 99. (8) Section 837 of our statute gives three years within which to sue out a writ of error and the action in contemplation of law is pending in the lower court till the time to sue out the writ has expired. The successful party in the trial court can hardly have an attorney of record upon whom notice of the writ can be legally served, unless the writ of error be a continuation of the litigation in that court. In re Chetwood, 165 U. S. 462; State ex rel. v. Canfield, 42 L. R. A. 73; Harle v. Langdon's Heir's, 60 Tex. 555; Hart v. Mills, 38 Tex. 513; Brackenridge v. San Antonio, 39 Tex. 66; Hickcock v. Ball, 46 Tex. 613; Moore v. Moore, 59 Tex. 54; Duke v. Helms, 46 S. W. 761; Clark v. Farrow, 4 B. Mon. (Ky.) 446; Fitzsimmons v. Johnson, 17 S. W. 100; Manning v. Montgomery, 1 Wash. 434; Barber Asphalt Paving Co. v. Lampton, 79 Mo. App. 286; Bailey v. Winn, 113 Mo. 155. (9) At common law, the attorney of record in the trial court could waive writ of error or notice of writ and bar right of his client to either. Laidler v. Foster, 4 Barn. & Cress. 116; Executors of Wright Bart., v. Nutt, 1 T. R. 388; Camden v. Edie, 1 H. Black 21;

Bacon Abr., 380, under "Error" and Id. 490, under "Attorney"; 1 Coke Second Inst. (Ed. 1797), 39, 40. (10) Aldrich v. Aetna Co., 8 Wall. 491; Buckingham v. McLean, 13 How. (U. S.) 150; Renaud v. Abbott, 116 U. S. 281.

*W. M. Kinsey* for intervener.

(1)   A writ of error is a new suit, and not a continuation of the old.   Intervener having bought the land on the faith of the record, as it stood August 31, 1896, after final judgment and before the stipulation had been filed, she was not a purchaser *pendente lite*.   Macklin v. Allenberg, 100 Mo. 337, reaffirmed in Macklin v. Schmidt, 104 Mo. 365; Williams v. Beek, 63 Mo. App. 150; Zebra v. Railroad, 80 Mo. App. 417; Kroeger v. Dash, 82 Mo. App. 334.   (2) The decision of the Supreme Court in the Hezel case did not set aside the final judgment entered in these cases at the February term, 1896, nor did the stipulation between plaintiff and defendants of May 17, 1897, in which they agreed that they should be set aside, have that effect.   It takes action by the court to set its judgment aside; moreover, the circuit court had no power at the time this stipulation was filed to do this, for it had lost all jurisdiction over the cases.   Danforth v. Lowe, 53 Mo. 217; Melvin v. Railroad, 89 Mo. 104; State ex rel. Brown v. Walls, 113 Mo. 46; Bloss v. Tacke, 59 Mo. 174; Bank v. Baker, 145 Mo. 336; Maddox v. Railroad, 75 Mo. App. 510.   (3)   These suits being in the nature of proceedings in *rem* and intervener having acquired an interest in the *res,* her right to intervene is well settled.   17 Am. and Eng. Enc. of Law (2 Ed.), pp. 183-4, and cases cited.   (4) A writ of error is matter of substance and not of form, and the parties can not by stipulation in the absence of the writ, confer jurisdiction, or dispense by consent with the writ entirely, in a case where it properly lies, as it is directed to the court below and not to the parties.   7 Enc. Pl. and Prac.,

pp. 822-4; Stevens v. Clark, 62 Fed. Rep. 321, in which the authorities are reviewed.

BLAND, P. J.—Defendant, Alexander Young, in 1893 was the owner in fee of three parcels of real estate in the city of St. Louis, incumbered by deeds of trust. Three special tax-bills for street improvements were issued by the city author-ities of the city of St. Louis to the Barber Asphalt Paving Company against each of the three parcels of real estate owned by said Young. The taxbills were dated on July 3, 1893. Suits were commenced to enforce the special lien of these several taxbills in the circuit court of the city of St. Louis on June 25, 1895, against Alexander Young and the mortgagees. These suits were numbered, respectively, 157, 159, and 160. The defendants were duly served with pro-cess of summons. Alexander Young, who is an attorney at law, filed in each of said suits a general demurrer to the sev-eral petitions filed therein, and signed the said demurrers as attorney for himself and the other defendants. The demur-rers were sustained by the court and plaintiff's counsel took leave to file amended petitions in twenty days thereafter. After the expiration of this leave plaintiff declined to amend its petitions, and final judgment was rendered in each of said causes on the demurrers. These judgments were rendered in the month of April, 1896. Case No. 157 was appealed to this court, where the judgment of the circuit court was re-versed and the cause remanded. It has since gone to final judgment in favor of the plaintiff. No steps were taken to appeal Nos. 159 and 160, and no writs of error were ever sued out in either of said causes.

After the judgment in No. 157 had been reversed and re-manded, there was pending in the Supreme Court a cause, wherein the Barber Asphalt Paving Company was plaintiff and Morris Hezel and others were defendants, involving the validity of the ordinances of the city of St. Louis in respect

Barber Asphalt Pav. Co. v. Young.

to special taxbills for street improvements. The validity of the taxbills in cases Nos. 157, 159 and 160 depended upon the final decision of the Hezel case.

Early in February, 1897, Adiel Sherwood, Esq., acting for the plaintiff, and Alexander Young acting for himself and as attorney for defendants, entered into the following stipulations:

"State of Missouri, City of St. Louis, ss.

In the Circuit Court, February Term, 1897.

The Barber Asphalt Paving Company,
    Plaintiff,
      v.               No. 160, Room 7. (49)
Alexander Young et al., Defendants.

The Barber Asphalt Paving Company,
    Plaintiff,
      v.               No. 159, Room 6.
Alexander Young et al., Defendants.

The Barber Asphalt Paving Company,
    Plaintiff,
      v.               No. 157, Room 6.
Alexander Young et al., Defendants.

### STIPULATION:

"By the consent and agreement of plaintiff and all of the defendants the final judgment heretofore entered against plaintiff is set aside in cases No. 159, in room 6, and No. 160, in room 7, and they are reinstated upon the docket with the same force and effect as if final judgment therein had never been rendered; in other words, these cases shall stand for trial, and it is stipulated and agreed that the defendants

Vol 94 app—14

shall have leave to withdraw their demurrer in the two cases mentioned and also in No. 157, in room 6, heretofore filed therein, and to answer, and thereafter plaintiff may reply and then it is stipulated and agreed by and between plaintiff and defendants in all of said cases as follows:

"1.    The case of the Barber Asphalt Paving Company v. Morris Hezel et al., No. 508, in court room No. 5, shall be prosecuted and tried as a test case, and all of the cases above named shall abide the final decree which shall be rendered in that case upon plaintiff's cause of action and upon defendant's answer and cross-bill and plaintiff's reply, whether final in the court of first instance without appeal or final in pursuance of or by the terms of a final decree of any appellate court before which it shall have been carried for review.

"2.    Whenever such final decree shall have been entered in said test case, then a similar and corresponding decree, varied only as the names of the parties, facts and figures stated in the pleadings shall differ, shall be entered in each of the other of said cases, and there shall be no appeal or writ of error sued out from any such final decree so entered in such other cases.

"3.    The plaintiff will prosecute the said test case in the St. Louis Circuit Court, with due diligence, and, if either party shall wish to have any finding and decree rendered in said case in said circuit court reviewed in any appellate court having jurisdiction thereof, such party will promptly prosecute an appeal from such finding and decree, and failure to take such appeal according to law shall be held to be a waiver of any right to have such finding and decree reviewed by any appellate court; and the party so failing to take an appeal according to law shall be estopped from suing out any writ of error in said case, or in any of said cases; and the said parties hereby agree that failing to take such appeal, the party so failing will not hereafter sue out any writ of error for the pur-

pose of having such finding and decree reviewed by any appellate court.

"ADIEL SHERWOOD,.

"Attorney for Plaintiff.

ALEX. YOUNG,

"Attorney for Defendants."

which was filed on May 17, 1897, in the circuit court (room No. 6) in case No. 159, where the judgment on demurrer in the case had been entered.

On February 26, 1896, Alexander Young and wife conveyed the three parcels of land to John C. Orrick, by general warranty deed, subject to back taxes and deeds of trust. On August 31, 1896, Clarkson, the assignee of Orrick, by an order of the circuit court, conveyed the lands to the intervener, Mary E. Gaebler, subject to certain deeds of trust mentioned in the deed. Orrick bought on an abstract of title furnished by August Gehner & Company, which showed that the special taxbills involved in the suits Nos. 157, 159 and 160, had been issued June 3, 1893, with a note stating that if there was no suit pending the taxbills were no longer a lien. The intervener purchased on the same abstract, but continued down to the date of her purchase.

After the Supreme Court had decided the Hezel case in favor of the Barber Asphalt Paving Company, Mr. Sherwood, attorney for plaintiff, appeared in court room No. 6, on April 23, 1900, and moved the court to set aside the judgment in this case (No. 159) and to enter judgment for plaintiff on the stipulation entered into by counsel for both parties. The court sustained the motions to set aside the judgment on demurrer, and entered judgment for plaintiff on the stipulation. Mary E. Gaebler, the intervener, having learned of the entry of the judgment of April 23, 1900, at the same term of court appeared on June 2, 1900, and filed her petition for permission to intervene and to move to set aside the judgment. The

petition was granted and her motion to set aside the judgment was sustained and the judgment was set aside. Thereupon plaintiff filed its motion to have the order setting aside the judgment vacated and to have the judgment of April twenty-third reinstated. This motion was overruled. A motion for new trial was filed and overruled whereupon plaintiff appealed.

The evidence heard on the motion to have the order setting aside the judgment of April 23, 1900, tends to prove that Alexander Young was not employed by the mortgagee defendants to defend this suit or either of the other suits; that he never had any understanding or agreement with them as to the defense to be made to the suits, but, being the owner of the land, thought it his duty to defend the suit and on his own motion without consulting the other defendants appeared and filed the demurrers in behalf of all the defendants; that Mr. Sherwood had no knowledge or information of the fact that Young had conveyed the land to Orrick, or that the title had passed from Orrick to the intervener, and had no intimation of these facts until the filing of intervener's petition to be made a party to the suit.

The evidence was that the husband of intervener furnished the purchase price of the land and for this reason it is contended by plaintiff that the husband was a necessary party. Conceding that the husband was a proper party, the fact did not appear on the face of the intervener's petition and the objection was not made by any pleading or otherwise at the trial. The objection must, therefore, be considered to have been waived. Section 602, R. S. 1899; Pettingill v. Jones, 21 Mo. App. (St. L.) 210; Turner v. Lord, 92 Mo. 113. But we think the objection is without merit. The legal title was in the intervener and she had the right in her own name to sue to remove the lien created by the judgment. Crenshaw v. Ullman, 113 Mo. 633.

Plaintiff hinges its right to have its judgment of April

23, 1900, reinstated on the right of Alexander Young to represent all of the original parties to the suit, and on the stipulation signed by him as their attorney and contends that this suit should abide the Hezel case then pending in the Supreme Court. Supposing Young, as attorney, had authority to bind the defendants by the stipulation, it is not pretended that he was the attorney of Orrick or of the intervener and no agreement made by him could bind Orrick. He (Orrick) was bound to take notice of what appeared of record in respect to the liens against the lands at the time he made his purchase. What then appeared of record was this; that this suit was pending, that is, that the demurrer had been filed and sustained and leave had been given to file an amended petition. When his assignee sold to the intervener the record showed that plaintiff had declined to amend its petition and that a final judgment had been entered in favor of the defendants, from which no appeal had been taken or writ of error had been sued out. She had no knowledge or information in respect to the stipulation to abide the Hezel case, for that was not filed until long after she had made her purchase. She might have known that a writ of error might be sued out, but none in fact had been sued out, and the time in which one might be taken had long since expired. This suit was not pending to enforce the lien of the special taxbill when intervener made her purchase. The judgment on demurrer, from all that appeared of record, had been acquiesced in by the plaintiff and the lien of the taxbill had not only been adjudged invalid, but was killed by section 26, article 6, of the charter of the city of St. Louis. Smith v. Barrett, 41 Mo. App. 460.

Counsel for appellant, in his brief, has ably and exhaustively argued the question as to whether a writ of error is a continuation of the original suit or the beginning of a new one, and has collated all the authorities bearing on the question. His contention is that the suing out of a writ of

error is a continuation of the suit and not the beginning of a new one. We do not think the question important in this case, as no writ of error has or can be sued out in the case. If the question had any bearing on the case we would be compelled to hold that the suing out of a writ of error is the commencement of a new suit on the authority of Macklin v. Schmidt, 104 Mo. 361; Macklin v. Allenberg, 100 Mo. 337. In any view of the case, the condition of the record shows that at the time the intervener purchased the land the lien created by the special taxbill was dead and there was no legal means by which it could be resuscitated so as to affect her title and the judgment entered on April 23, 1900, enforcing the lien on the stipulation to which she was not a party and by which she was not bound, was as to her absolutely void. If Young was the attorney of the mortgagee defendants, he had authority as such to stipulate that this cause should abide the result of the Hezel case (The Scarritt Furniture Company v. Moser & Company, 48 Mo. App. (St. L.) 543; North Missouri Railroad Company v. Stephens, 36 Mo. 150), and the judgment of April 23, 1900, entered in pursuance of the stipulation as to them would be valid and binding. But the evidence is, and the court must have so found, that Young was not in fact their attorney and had no authority to bind them by the stipulation. This being so they were strangers to the stipulation and not bound by it, and the judgment as to them was likewise void. It follows that the judgment is affirmed. *Barclay* and *Goode, JJ.,* concur.

THE BARBER ASPHALT PAVING COMPANY, Appellant, v. ALEXANDER YOUNG et al., Defendants; MARY E. GAEBLER, Respondent.

Appeal.

BLAND, P. J.—This case is on all fours with the case between the same parties, reported at page 204, of this vol-

ume. For the reasons stated in the opinion in that case the judgment herein is affirmed. *Barclay* and *Goode, JJ.*, concur.