THE PARKER-WASHINGTON COMPANY, Appellant, v. GEORGE W. CLINTON et al., Respondents.

**Kansas City Court of Appeals, May 1, 1911.**

1. **SPECIAL TAXBILLS: Specifications: Formula.** Where an ordinance for paving refers to specifications then on file with the city clerk, they become a part of the ordinance; but if those specifications show on their face that they are incomplete in substantial respects and call for other specification of the character and manner of doing the work, designated as a formula to be furnished by the bidder, and these were not in existence when the ordinance was passed, taxbills issued for such paving are void.

2. ———: ———: ———: **Expert Evidence.** Where an ordinance for street paving refers to specifications on file with the city clerk, and these are incomplete and refer to others to be afterwards produced which provide for the character of the work and the mode of construction, expert evidence that a first-class job could have been constructed from the original specifications without regard to the others, will not validate the ordinance, and the taxbills are void.

3. ———: ———: **Sale Pendente Lite: Purchaser.** If the owner of property against which an action is brought to enforce the lien of special taxbills, sells it during the pendency of the action, the purchaser will be bound by the judgment, and the plaintiff cannot object to the defendant against whom he instituted the action, continuing the defense.

Appeal from Jackson Circuit Court.—*Hon. James E. Goodrich*, Judge.

AFFIRMED.

*Ball & Ryland* for appellant.

(1) The suit being strictly *in rem* and the defendants having parted with all interest in the property years before the trial and the subsequent owners, whoever they were, having defaulted, it was not competent for the original defendants or their attorneys to be heard in the matter of the validity of the bill. Hunter v. Bank, 158 Mo. 270; Paving Co. v. Young, 94 Mo. App. 204. (2) Aside from the question of the right of the defendants or their counsel to contest the validity of the bill, the bill is valid on the evidence shown in the record.

*James M. Callahan* and *Flournoy & Flournoy* for respondents.

(1) The resolution was insufficient to properly notify the property owners as to the work that was desired to be done. City of Kirksville ex rel. v. Soleman, 103 Mo. App. 215; Kansas City ex rel. v. Askew, 105 Mo. App. 84; Smith v. City of Westport, 105 Mo. App. 221; City of Nevada v. Eddy, 123 Mo. 546; Coulter v. Construction Co., 131 Mo. App. 230; Poplar Bluff v. Bacon, 144 Mo. App. 476. (2) The failure of the ordinance to describe the wearing surface made the proceedings of the city and the taxbills void. City of Independence v. Knoepker, 134 Mo. App. 601. (3) The work not being completed within the time required by ordinance, the taxbill is void. Turner v. Springfield, 117 Mo. App. 418; Spaulding v. Forsee, 109 Mo. App. 575; Smith v. City of Westport, 105 Mo. App. 221; Paving Co. v. Ridge, 169 Mo. App. 376; Shidel v. Merrill, 185 Mo. 534. (4) As the ordinance fixed the time for doing the work and made no provisions for extending the time, the extension ordinance was void. Smith v. City of Westport, 105 Mo. App. 221; Turner v. Springfield, 117 Mo. App. 418; Shidel v. Merrill, 185 Mo. 534. (5) Appellant's motion for judgment *non obstante veredicto* is not appropriate to reach any question in this case, but even if it

was, it would have no merit for a purchaser *pendente lite* acquires nothing by his purchase relative to the rights of the party opposing his vendor in the litigation, hence the litigation necessarily proceeds to a determination as though no change had been made in the title to the land. O'Reilly v. Nicholson, 45 Mo. 160; Turner v. Babb, 60 Mo. 342; McIlwrath v. Hollander, 73 Mo. 105; Jacobs v. Smith, 89 Mo. 673; Carr v. Cates, 96 Mo. 271; Holloway v. Holloway, 103 Mo. 274.

ELLISON, J.—This action was brought to enforce the lien of taxbills for street paving. The judgment in the trial court was for the defendant.

The bills here are of the same series and for the same paving as those involved in Independence v. Knoepker, 134 Mo. App. 601. In that case it was shown that the ordinance authorizing the paving referred to and made certain partial specifications on file with the city clerk, a part of the specifications, and thereby became a part of the ordinance. These specifications required bids for the work to be accompanied by a formula. This formula provided for a principal, if not the chief, part of the work, and was not on file in the clerk's office, nor was it in existence when the ordinance was passed. We therefore held that the ordinance did not prescribe the material or character of the work as required by the charter of the city, and that therefore the bills were void. By reference to that case it will be seen that the formula is set out and the reasons for our decision are stated at length. We find no reason for a change of opinion from that there expressed. The case has been approvingly cited in McCoy v. Randall, 222 Mo. 24, 37, under the title of Independence v. Nagle, 114 S. W. 1129.

But, at the trial it was sought to show by expert testimony that the specifications themselves prescribed the material and character of the work with sufficient certainty to cover the requirement of the law and afforded sufficient data to bidders so as to insure competi-

tion without the aid of the formula. But the difficulty with this position is that a formula was required to be submitted with the bids and it contained a principal part of the specifications for the work, and yet it was not a part of the ordinance. As was illustrated by defendant's counsel, the specifications might have called for an asphaltum surface laid on concrete base, all of first-class material and to be done in a good and workmanlike manner; and it may be that any experienced bidder would know from such general specification what should be done to make a good pavement. But is the city to trust to the knowledge and integrity of a bidder? Is it to leave the bidder to say what mode of construction would make a first-class job?

But aside from this, whatever might have been the facilities offered for competition by the specifications as they existed and which were on file when the ordinance adopting them was passed, yet they did call for a formula set out and described in the Knoepker case, which was to be afterwards furnished by the bidder. This formula did not leave to the different views of different bidders how the work should be done and how the material should be used and constructed into a pavement. It set out in detail how this was to be, and how the material was to be formed or moulded into a practical pavement. It is useless to call in experts as to what could be understood from the specifications without the formula to be afterwards furnished; for those specifications themselves looked to and called for the formulas to complete themselves. In other words, the specifications *on their face were incomplete and* insufficient without the formula.

It seems that after this action was begun and before the trial, defendant sold the property against which the bills were issued, and it is now insisted by plaintiff that he cannot be permitted to contest the validity of the bills. Plaintiff says the action is *in rem,* against the

property alone, and that only its owner can defend. The cases of Hunter v. Savings Bank, 158 Mo. 262, 270, and Barber Asphalt Paving Co. v. Young, 94 Mo. App. 204, are cited in support of the proposition. We do not see that they have any application.

It is a singular position for plaintiff to assume. It brought the action against defendant as the party to defend, and now claims that he has become disabled to defend, not by reason of any act admitting or establishing the validity of the bills, but by reason of having sold the property. It seems to us that plaintiff has taken a position which must destroy it. It is necessary that plaintiff should prosecute the action against a proper defendant, and if it finds itself without such antagonist, it should have sought the proper one and proceeded to bring him into court. But the position is not well taken. The action was brought against the property, and if the owner transfers the property *pendente lite,* the transferee will be bound by the judgment. [O'Reilly v. Nicholson, 45 Mo. 160; Turner v. Babb, 60 Mo. 342; Holloway v. Holloway, 103 Mo. 274; Turner v. Edmonston, 210 Mo. 411; Burnham, Munger & Co. v. Smith, 82 Mo. App. 35; Mellen v. Moline Iron Works, 131 U. S. 352; 2 Story's Eq. Jurisprudence, sec. 406.]

And so in this case, if the bills had been found to be valid, the judgment which would have been obtained by plaintiff would have bound defendant's grantee.

The judgment is affirmed. All concur.